IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGIA ADVOCACY OFFICE *et al.*,<br><br>       Plaintiffs,<br><br>v.<br><br>THEODORE JACKSON *et al.*,<br><br>       Defendants. | CIVIL ACTION<br><br>NO. 1:19-CV-1634-WMR-JFK |

# ORDER

This matter is before the Court on Plaintiffs' Motion for Preliminary Injunction [Doc. 16]. For the reasons summarized below, which will be discussed in greater detail in a forthcoming opinion as required by 18 U.S.C. § 3626(a)(2), the Court will grant the motion.

## BACKGROUND

Plaintiffs Georgia Advocacy Office (GAO), M.J., and K.H., filed this action against Fulton County Sheriff Theodore Jackson, Fulton County Chief Jailer Mark Adger, Health Program Manager Meredieth Lightbourne, Detention Captain Tyna Taylor, and Detention Lieutenant Pearlie Young. [Doc. 1.]

The complaint in this action seeks prospective relief to remedy an alleged policy and practice of holding women with psychiatric disabilities in solitary confinement in the South Fulton Jail's B-, C-, and G-Pods, known as "mental health pods." [Doc. 1 ¶ 89.] On May 7, 2019, Plaintiffs filed a motion for a preliminary injunction against that policy. [Doc. 16.] After the motion was briefed by the parties, the Court held evidentiary hearings regarding the motion on July 15, July 18, and July 19, 2019.

Having considered the evidence filed by the parties, the evidence presented by the parties at the evidentiary hearing, and the arguments and briefs of the parties, the Court finds that the evidence supports the granting of a preliminary injunction. Specifically, the Court find that the Plaintiffs are likely to prevail on the merits of their claims that Defendants are deliberately indifferent to the serious mental health needs of Plaintiffs; that Defendants have discriminated against Plaintiffs and denied Plaintiffs access to programs and services at the jail based upon their disability. The Court further finds that the potential for harm to the Plaintiffs outweighs the potential harm to the Defendants, that the harm to the Plaintiffs in failing to grant an

injunction is irreparable, and that it is in the public's best interest that this injunction be granted. Based on these findings, Plaintiffs' motion for preliminary injunction is **GRANTED**. The Court **ORDERS** Defendants to take the following actions:

1. Within 7 days of the entry of this Order, develop a system to track each individual's out of cell time within B, C and G pod and that each woman be permitted at least 1 hour recreation time and 2 hours of free time daily.

2. Within 30 days of the entry of this Order, offer at least four hours of daily out-of-cell time to each woman assigned to B-Pod, C-Pod, and G-Pod on at least five days each week. At least one hour per day shall include outdoor recreation or indoor gym time.

3. Within 30 days of the entry of this Order, establish and file with the Court a written plan, designed to be implemented within another 30 days, for providing sanitary conditions of confinement and out-of-cell therapeutic activities to each woman assigned to B-Pod, C-Pod, or G-Pod on at least five days each week. The plan must specifically address (a) steps to assist women in maintaining their hygiene; (b) steps to achieve a clean and safe living space in each pod;

(c) structured out-of-cell group activities; (d) designation and training of officers assigned to work in a non-acute housing unit; and (e) addressing and maintaining the physical plant of the jail. Defendants shall confer in good faith with Plaintiffs' counsel to create terms of the new plan. If the parties are unable to agree on the content of the plan, Plaintiffs may submit written objections to the Defendants' plan within 14 days of the date on which Defendants file it.

4. Nothing in this Order shall prevent Defendants from denying out-of-cell time to a woman assigned to B-Pod, C-Pod, or G-Pod where doing so is necessary to prevent an immediate and substantial risk of serious harm to a person. If out-of-cell time is denied for any individual detainee in accordance with this paragraph, the reasons for the denial shall be fully documented, to include the name of the detainee, date of out-of-cell time denial, and the specific reason for the denial. No detainee may be denied out-of-cell time under this paragraph for a period greater than 24 hours.

5.  Failure to comply with this Order shall not be excused by allegations of inadequate staffing.[1]

SO ORDERED this 23rd day of July, 2019.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

---

[1] The relief ordered herein is narrowly drawn, extends no further than necessary to correct the violation of the constitutional right at issue, and is the least intrusive means necessary to correct the violation of the Federal right. See 18 U.S.C. § 3626(a)(1). The Court will make the "particularized findings" required by 18 U.S.C. § 3626(a)(2) in its forthcoming opinion.