IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGIA ADVOCACY OFFICE *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THEODORE JACKSON *et al.*, <br><br> Defendants. | CIVIL ACTION <br><br> NO. 1:19-CV-1634-WMR-JFK |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION**

Plaintiffs respectfully file this response in opposition to Defendants' motion for reconsideration (Doc. 76).

**BACKGROUND**

Plaintiffs Georgia Advocacy Office (GAO), M.J., and K.H., filed this action against Fulton County Sheriff Theodore Jackson, Fulton County Chief Jailer Mark Adger, Health Program Manager Meredieth Lightbourne, Detention Captain Tyna Taylor, and Detention Lieutenant Pearlie Young. (Doc. 1.)[1] On May 7, 2019,

---

[1] Defendants also filed a motion to dismiss which was thoroughly briefed and has subsequently been denied. (Doc. 70). In addition to this motion for reconsideration, which was filed at the eleventh hour, Defendants failed to timely answer this suit. Regardless of the intent, Defendants conduct serves to delay this case and thus cause additional harm to the Plaintiffs who are in desperate need of mental health services and humane housing conditions.

1

Plaintiffs filed a motion for a preliminary injunction against Defendants' policy of inflicting solitary confinement on women experiencing psychiatric disabilities. (Doc. 16.)  Plaintiffs supported their motion with approximately 2,500 pages of documentary evidence, including declarations of women held in the jail, photographs of the jail and women held there, jail logbooks reflecting out-of-cell time, official jail policies, medical records, and other documents.  (Doc. 16; Doc. 17.)  Defendants responded that they have legitimate penological reasons for the challenged practice.  (Doc. 26 at 6-7.)[2]  Plaintiffs filed a reply brief arguing that Defendants had not disputed the material facts and that Plaintiffs were therefore entitled to relief.  (Doc. 38.)

The Court held evidentiary hearings on July 15, July 18, and July 19, 2019. At the hearings, Plaintiffs presented unrebutted testimony regarding the conditions of confinement at the facility, the impact of those conditions on people who experience mental illness, the harm caused by on-going solitary confinement, and the general lack of mental health services at the jail.  Plaintiffs also demonstrated

---

[2] Defendants continue to make this argument despite clear law that shows there can be no legitimate penological justification for deliberate indifference.  *See Bass v. Perrin*, 170 F.3d 1312 (11th Cir. 1999),  the Eleventh Circuit recognized that while a practice lacking any penological justification would be unconstitutional, *id.* at 1316, "deliberate indifference" to a substantial risk of serious harm independently violates the Eighth Amendment, *id.* at 1317 (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).  The fact that Defendants continue to attempt to penologically justify their conduct underscores the need for Court intervention in this matter.  A point the Court noted in its ruling.  Doc. 73 pp. 51-52.

that Defendants received formal notice of the conditions and the potential for harm almost a year prior to the hearing and further that the Georgia Advocacy Office had been monitoring the conditions for several months and the conditions had largely not changed.  (Doc. 16-19, Ex. G-1).  Instead of contradicting Plaintiffs' evidence, Defendants presented the testimony of Dr. Kelly Coffman, a forensic psychiatrist; Cornelius Henderson, a registered nurse and senior vice president for NaphCare, Inc., the medical services contractor for the South Fulton Jail; Colonel Mark Adger, the chief jailer for Fulton County; and various correctional supervisors and officers.  These witnesses generally agreed that the conditions at the facility were poor, that women who experience psychiatric disabilities spent 23-24 hours a day locked in their cells without treatment or programming and that these conditions adversely impacted these women. (Testimony of Adger, Doc. 69 at 122 (agreeing that inmates in B-Pod, C-Pod, and G-Pod are "largely in lockdown."); *id*. at 100 (acknowledging that he could not dispute the accuracy of the summary evidence presented by Ms. Childs regarding out-of-cell time); *id*. at 108 (acknowledging, when asked if "oftentimes" people were not even getting their one hour of daily out-of-cell time, that "I would agree that that had occurred."; Testimony Dr. Coffman Doc. 68 at 22, 26).

 After the close of evidence and argument by counsel, the Court ruled in Plaintiffs' favor and granted their motion for preliminary injunction.  Defendants

now seek reconsideration of this ruling and Plaintiffs respond.

## ARGUMENT

Defendants seek reconsideration pursuant to Rule 59(e). A motion for reconsideration is not a form of relief explicitly recognized by the Federal Rules of Civil Procedure. While not specifically mentioned in the Rules, motions seeking to have the court reconsider an earlier ruling typically are considered pursuant to Federal Rule of Civil Procedure 59(e), which authorizes a motion to alter or amend a judgment after its entry. Motions for reconsideration under Rule 59(e) are appropriate only where there is: (1) newly discovered evidence that was not previously available to the parties at the time of the order, (2) an intervening development or change in controlling law, or (3) a need to correct a manifest error of law or fact. *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).[3] Newly discovered evidence does not include evidence that was already presented to the trial court, evidence that a party already possessed but chose not to present, or even evidence that could have been reasonably discovered during the pendency

---

[3] A motion for reconsideration is appropriate only where there is: (1) newly discovered evidence that was not previously available to the parties at the time the original order was entered; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. *see also Evans v. Books-A-Million*, CV-07- S-2172-S, 2012 WL 5954118, *1 (N.D. Ala. Nov. 28, 2012) ("Rule 59(e) is silent regarding the substantive grounds for a motion to alter or amend. Even so, courts have identified three circumstances that may justify granting such motions: (1) an intervening change in controlling law; (2) newly available evidence; and (3) the need to correct clear errors of law or fact.").

of the case through the exercise of due diligence. See *Arthur*, 500 F.3d at 1343 ("[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." (alteration in original) (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005))); *Mays v. U.S. Postal Serv*., 122 F.3d 43, 46 (11th Cir. 1997); *Preserved Endangered Areas of Cobb's History, Inc. (P.E.A.C.H.) v. United States Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga.1995) ("[a] motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time."). Defendants cannot meet their burden under Rule 59(e) because they have no newly discovered evidence, nor has been a change in the controlling law. Rather, Defendants raise issues that the parties already briefed and that this Court already expressly or impliedly considered, including whether the evidence warrants a preliminary injunction (Doc. 76 at 5-17) and how the Prison Litigation Reform Act (PLRA) applies in this case (*id.* at 17-19). For the reasons discussed below and in Plaintiffs' previous briefs and arguments in this case, the Court correctly granted a preliminary injunction, and Defendants' motion for reconsideration should be denied.

## I. DEFENDANTS OFFER NO LEGAL OR FACTUAL BASIS FOR RECONSIDERING WHETHER PLAINTIFFS MET THE REQUIREMENTS FOR A PRELIMINARY INJUNCTION.

Defendants first contend that the Court erred in failing to make specific findings on each of the four preliminary injunction factors.

As an initial matter, Defendants do not offer any new arguments or any arguments that they could not have made in briefs or at closing. A motion for reconsideration is not an opportunity to present arguments already heard and dismissed or to offer new legal theories or evidence that could have been presented previously. *See O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992); *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); *see also Jones v. S. Pan Servs.*, 450 F. App'x 860, 863 (11th Cir. 2012) ("A motion to alter or amend a judgment cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment.").

In its oral ruling, the Court found specifically that the women in the jail are not receiving constitutionally adequate mental health care. (Doc. 73 at 53.) The Court further found that the only defense offered by Defendants was lack of staffing or lack of funds and, further, that the Sheriff had funds but chose not to access them. (*Id. at* 53.) Moreover, Defendants admitted that women with psychiatric disabilities are "categorically required" to remain in the South Fulton Jail's deteriorating, isolated, and repulsive conditions. (*Id.* at 53-55.) Those oral

findings complied with the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 52(a)(2) (permitting district court to "state [on the record] the findings and conclusions that support its action" in granting an interlocutory injunction).  In addition, the Court separately entered a preliminary written order noting that it had considered the evidence presented, and briefing and argument of counsel, in determining that Plaintiffs are likely to prevail on the merits on their deliberate-indifference and ADA claims.  (Doc. 65 at 2-3.)[4]  The Court further specifically noted that Plaintiffs had met each prong required for the issuance of the preliminary injunction.  (Doc. 65 at 2.)  And the Court noted that it would discuss its reasoning "in greater detail in a forthcoming opinion as required by 18 U.S.C. § 3626(a)(2)."  (Doc. 65 at 1.)  While Defendants contend that the Court failed to appropriately determine that Plaintiffs met the requirements for entering an injunction, the record clearly evidences to the contrary.

---

[4] Defendants argue in their motion for reconsideration that Plaintiffs did not establish a likelihood of success as to their equal protection claims.  (Doc. 76 at 13.)  However, Plaintiffs did not seek a preliminary injunction on their equal protection claims (concerning alleged gender discrimination in the provision of competency restoration services).  They sought and received a preliminary injunction on their deliberate indifference and ADA claims (concerning solitary confinement and discrimination against people with serious mental illness).  The Court's ruling does not address Plaintiffs' equal protection claims.

## II. THE COURT WEIGHED THE EVIDENCE AND ORDERED NARROW RELIEF TO CORRECT THE VIOLATIONS OF PLAINTIFFS' FEDERAL RIGHTS.

Defendants next argue that the Court failed to consider certain evidence. Specifically Defendants suggest that the Court failed to consider that women are confined to the jail for 4 days on average; that certain women refuse to take medication and are disruptive; and that staffing shortages impact the ability to provide out of cell time. In reality, the Court's decision not to credit this "evidence" is amply supported by the record.

The evidence showed that women in the mental health pods are typically detained for many months, far longer than average detainees. (*See, e.g.*, Doc. 16-20 (jail roster showing that the 43 women in B-, C-, and G-Pod had been held for an average of 130 days and counting); *see also* Doc. 69 at 159 (Defendant Adger acknowledging women in mental health pods remain in jail "quite a bit longer than the typical population of the jail").) Regarding medication compliance, the Court heard undisputed evidence that this problem can be addressed by, among other things, group activities "to deal with medication therapy and the importance of taking medication" (Doc. 68 at 47) instead of housing women with serious mental illness in solitary confinement, an approach endorsed by Defendant Adger himself (Doc. 69 at 58-59 (noting Defendants were in the process of developing a "multiphase program" for "the inmates who are the least medication compliant")).

8

And regarding Defendants' staffing issues, the law in this Circuit establishes that understaffing is not a defense, but may establish an official's liability when it results in violations of a prisoner's rights. *See Greason v. Kemp*, 891 F.2d 829, 838 (11th Cir. 1990). Accordingly, the Court's failure to credit Defendants' evidence was justified, not an erroneous oversight. (*See, e.g.*, Doc. 39-1 at 22-23; Doc. 61-1 at 14-17; Doc. 68 at 197-98; Doc. 69 at 159.)

The undisputed testimony and evidence presented by both the Plaintiffs and Defendants was that women with serious mental illness housed in solitary confinement for 23-24 hours a day experience significant harm. It was further undisputed that prolonged solitary confinement (greater than 15 days) for people with serious mental illness causes more significant harm, and that Defendants regularly held Plaintiffs in prolonged solitary confinement. Defendants' own witness, Dr. Coffman, noted the harm caused by the evidenced conditions. While the Court did not address each piece of evidence and argument in explicit detail, it is not required to do so. *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) ("[there] is no burden upon the district court to distill every potential argument…."). Defendants' unsubstantiated argument that the Court was somehow confused or failed to consider the proffered testimony is without merit.

## III. THE PRELIMINARY INJUNCTION ORDER COMPLIES WITH THE PRISON LITIGATION REFORM ACT (PLRA) AND SHOULD NOT BE STAYED.

Defendants' final argument is that the Court should stay the order pending a final more detailed order. In making this argument, Defendants contend that the Court failed to appropriately address the requirements of 18 U.S.C. § 3626 and as such the order should not go into effect. As the Court specifically recognized in its preliminary injunction order (Doc. 65 at 1, 5 n.1), 18 U.S.C. § 3626 clearly contemplates that the need-narrowness-intrusiveness findings may be deferred for up to 90 days after the entry of a preliminary injunction. *See* 18 U.S.C. § 3626(a)(2) ("Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period."); *see United States v. Secretary*, 778 F.3d 1223, 1227 (11th Cir. 2015) (explaining that a district court must make the required findings and enter a final order "to keep a preliminary injunction alive past the 90-day deadline"). Defendants' argument that an injunction cannot take effect until the Court files a more particularized order is meritless. The Court correctly found that conditions in Defendants' jail are "repulsive" and must be remedied "immediately." (Doc. 73 at 54.) The PLRA presents no obstacle to the

Court's decision to promptly act on that finding and order necessary relief.  *See Brown v. Plata*, 563 U.S. 493, 511 (2011) ("Courts may not allow constitutional violations to continue simply because a remedy would involve intrusion into the realm of prison administration.").

## CONCLUSION

For all of these reasons as well as those submitted previously in briefs and arguments, Defendants Motion for Reconsideration or alternative Motion to Stay should be DENIED.

Respectfully submitted,

| | |
|---|---|
| s/Devon Orland | s/Sarah Geraghty |
| Ga. Bar No. 554301 | Ga. Bar No. 291393 |
| Anne Kuhns | Atteeyah Hollie |
| Ga. Bar No. 149200 | Ga. Bar No. 411415 |
| GEORGIA ADVOCACY OFFICE | Ryan Primerano |
| | Ga. Bar No. 404962 |
| 1 West Court Square | SOUTHERN CENTER |
| Suite 625 | FOR HUMAN RIGHTS |
| Decatur, Georgia 30030 | 83 Poplar Street, NW |
| (404) 885-1234 | Atlanta, Georgia 30303 |
| (404) 378-0031 (fax) | (404) 688-1202 |
| dorland@thegao.org | (404) 688-9440 (fax) |
| | sgeraghty@schr.org |

## CERTIFICATE OF COMPLIANCE

I certify that this document has been prepared in compliance with Local Rule 5.1C using 14-point Times New Roman font.

s/Devon Orland

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing using the CM/ECF system, which will send notification of filing to all counsel of record.

s/Devon Orland