# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GEORGIA ADVOCACY OFFICE, M.J., K.H., on behalf of themselves and others similarly situated, | |
| Plaintiffs, | CIVIL ACTION FILE NO: |
| v. | 1:19-cv-01634-WMR-JFK |
| THEODORE JACKSON, in his official capacity as Sheriff of Fulton County, et al, | |
| Defendants. | |

## ORDER

This matter is before the Court on the Magistrate Judge's Non-Final Report and Recommendation ("R & R") [Doc. 71], which recommends that Plaintiffs' MOTION TO CERTIFY CLASS [Doc. 8] be GRANTED, with an adjustment to the psychiatric disability class. No objection to the R & R has been filed.

## I. LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1), the Court reviews the R & R for clear error if no objections are filed by a party within 14 days after being served with a copy. If a party files objections, however, the Court must determine *de novo* any part of the

R & R that is the subject of a proper objection. Id. As no objection to the R & R has been filed in this case, the clear error standard applies.

## II.   REVIEW

In the R & R, the Magistrate Judge recommends that the following class and subclass be certified in this case:

> (1) a psychiatric disability class consisting of all women who experience psychiatric disabilities who are now or will in the future be confined in the mental health pods for female detainees in the Fulton County Jail system, and

> (2) a competency restoration subclass consisting of all women who experience psychiatric disabilities who are now or will in the future be deemed incompetent to stand trial while confined in the Fulton County Jail system.

However, the issue of competency restoration, while important, is not an issue that is pertinent to these Defendants. The State of Georgia, through the Department of Behavioral Health and Developmental Disabilities ("DBHDD"), is tasked with issues related to inmate competency, *see* O.C.G.A. § 17-7-130, not the Defendants. Although Plaintiffs assert that the Defendants established an only-for-men competency restoration program at the Fulton County Jail, *see* [Doc. 1, ¶¶ 58, 148 and Doc. 8-1, p. 5], the evidence shows that the DBHDD and Emory University are the sole entities that are responsible for creating and administering the competency restoration program at the Fulton County Jail. [Doc. 25-1]. The sole roles that the Fulton County Sheriff's Office play in the competency restoration program is

providing a housing pod for the custody and general care of 16 or more program participants within the jail, providing security for Emory personnel, and administering medications to the inmates as prescribed. [Id.; *see also* Doc. 25-2]. The Fulton County Sheriff's deputies and/or detention officers play no part in providing the competency restoration treatment itself. Further, none of the Defendants dictate who participates in the competency restoration program and who does not, nor do they prevent the program from being offered to female inmates. Rather, the DBHDD has contracted with Emory to administer the program, and in turn, the Fulton County Sheriff simply has agreed to provide certain resources, namely the facility and security personnel, that allow Emory to effectively administer the competency restoration program.

For the above reasons, the Court concludes that the certification of a purported competency restoration subclass is not appropriate in the case against these Defendants.

## III.   CONCLUSION

After considering the Non-Final Report and Recommendation [Doc. 71], the Court receives the R & R with approval and adopts its findings and legal conclusions in regard to the certification of an adjusted psychiatric disability class as the Opinion of this Court. The Court declines to certify a competency restoration subclass.

Accordingly, it is hereby ORDERED that Plaintiffs' MOTION TO CERTIFY CLASS [Doc. 8] is **GRANTED in part** and **DENIED in part**.  The following class is hereby CERTIFIED pursuant to Fed. R. Civ. P. 23(c)(1):

> a psychiatric disability class consisting of all women who experience psychiatric disabilities who are now or will in the future be confined in the mental health pods for female detainees in the Fulton County Jail system.

IT IS SO ORDERED, this 10th day of September, 2019.

_____
WILLIAM M. RAY, II
United States District Judge
Northern District of Georgia