**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| GEORGIA ADVOCACY OFFICE, *et al.*, | ) ) ) ) |  |
| Plaintiffs, | ) ) | CIVIL ACTION |
| v. | ) ) | NO. 1:19-CV-1634-WMR-JFK |
| THEODORE JACKSON, *et al.*, | ) ) ) |  |
| Defendants. | ) ) |  |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

The parties, through their counsel of record, file this Joint Preliminary Report and Discovery Plan pursuant to Local Rule 16.2.

**1. Description of Case.**

**(a) Describe briefly the nature of this action.**

**Plaintiffs**: This is an action to enforce compliance with the Eighth and Fourteenth Amendments, the Americans with Disabilities Act (ADA), and the Rehabilitation Act. The case challenges Defendants' policies and practices of holding women experiencing psychiatric disabilities in prolonged solitary confinement under unconstitutional conditions and denying women found

incompetent to stand trial access to jail-based competency restoration services. Plaintiffs M.J. and K.H. were, at the time of the complaint, female Fulton County detainees who experience psychiatric disabilities; they were subjected to the challenged policies and practices.  Plaintiff Georgia Advocacy Office (GAO) is Georgia's dedicated Protection and Advocacy system.  It serves to protect the rights of Georgians who experience disabilities.  On behalf of themselves and similarly situated persons, Plaintiffs seek declaratory and injunctive relief against the challenged policies and practices.

**Defendants**: Plaintiffs assert a 42 U.S.C. § 1983 action based upon the alleged violations of Plaintiffs' Eighth and Fourteenth Amendment rights under the United States Constitution. Plaintiffs also allege violations of the Americans with Disabilities Act of 1990 ("ADA") and the Rehabilitation Act of 1973 ("Rehab Act"). Plaintiffs seek certification of this case as a class action under Fed. R. Civ. P. 23; a declaration that Defendants are violating the federal rights of Plaintiffs and other class members; preliminary and permanent injunctive relief against Defendants; an award of reasonable attorney's fees, expenses, and costs of litigation under 42 U.S.C. § 1988 and other applicable law; and such other and further relief as this Court deems just and proper.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

**Plaintiffs:** This is a civil-rights class action brought under 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act to remedy violations of the federal rights of women with psychiatric disabilities incarcerated in the South Fulton Municipal Regional Jail ("South Fulton Jail"). Plaintiff Georgia Advocacy Office (GAO) is a protection and advocacy system chartered to protect the rights of Georgians with disabilities. Plaintiffs M.J. and K.H. are two women who experience psychiatric disabilities who were held in the South Fulton Jail. Defendants are a sheriff, three jailers, and a jail medical director, all of whom are responsible for creating and implementing policies and procedures governing the South Fulton Jail.

Plaintiffs GAO, M.J., and K.H. seek declaratory and injunctive relief to end two of Defendants' policies and practices. First, Defendants hold women experiencing psychiatric disabilities in prolonged solitary confinement in deplorable conditions. Second, Defendants maintain jail-based competency restoration programs for men while requiring similarly situated women to wait for beds to open at state hospitals before they may begin receiving competency restoration services.

**Defendants**: The named Plaintiffs in this section 1983 action are the Georgia Advocacy Office ("GAO"), the designated protection and advocacy system of the state of Georgia, and two inmates who currently are or have been recently held at the Fulton County Jail's South Annex ("South Annex"). Plaintiffs allege that Defendants confine pre-trial detainees housed at the South Annex who experience psychiatric disabilities in solitary confinement in violation of the Fourteenth Amendment. Plaintiffs also contend that Georgia Department of Corrections' inmates, temporarily housed at the South Annex, are subjected to the same treatment in violation of the Eighth Amendment. The Complaint asserts that this isolation inflicts psychological harm on these female inmates. Additionally, Plaintiffs allege that Defendants discriminate against female inmates with psychiatric disabilities by failing to provide them with out-of-cell time and access to certain programs, specifically the Competency Restoration Program, and other opportunities that are made available to other inmates without psychiatric disabilities. Plaintiffs allege that Defendants have not permitted reasonable accommodations for Plaintiffs' disabilities in violation of the ADA. Further, they allege that the Fulton County Sheriff's Office receives federal funds in connection with certain services, programs and activities, and that Defendants deny Plaintiffs

access to these opportunities solely by reason of their disabilities, and thus, Defendants are subject to the Rehab Act.

**(c) The legal issues to be tried are as follows:**

**Plaintiffs:**

1. Whether and to what extent women who experience psychiatric disabilities are held in solitary confinement;

2. Whether and to what extent solitary confinement results in psychological, physical, or other harm to women who experience psychiatric disabilities;

3. Whether and to what extent the conditions under which women who experience psychiatric disabilities are held constitute a denial of necessary mental health care;

4. Whether and to what extent the privileges and activities available to women who experience psychiatric disabilities differ from those available to women who do not experience psychiatric disabilities;

5. Whether and to what extent Defendants, in providing privileges and activities to women, have accommodated women who experience psychiatric disabilities;

6. Whether solitary confinement of women with psychiatric disabilities creates a substantial risk of serious psychological harm, in violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment;

7. Whether the conditions under which women with psychiatric disabilities are held constitute a denial of necessary mental health care, in violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment;

8. Whether Defendants have failed to make reasonable accommodations for women experiencing psychiatric disabilities;

9. Whether Defendants are denying women deemed incompetent to stand trial access to the jail-based competency restoration program available to men;

10. What reasons Defendants have, if any, for denying women access to the jail-based competency restoration program;

11. Whether Defendants' discrimination on the basis of sex in providing jail-based competency restoration programs violates the Equal Protection Clause of the Fourteenth Amendment;

12. Whether the Plaintiffs are entitled to permanent injunctive and declaratory relief that is narrowly tailored to remedy the harm as defined by the Prison Litigation Reform Act.

**<u>Defendants</u>**:

1. Whether the Defendants are liable for violations of the Americans with Disabilities Act and Rehabilitation Act related to disability discrimination in programs and activities?

2. Whether the Defendants are liable under 42 U.S.C. § 1983 based upon the alleged violations of Plaintiffs' Eighth and Fourteenth Amendment rights as they relate to solitary confinement?

3. Whether the Defendants are liable under 42 U.S.C. § 1983 based upon the alleged violations of Plaintiffs' Eighth and Fourteenth Amendment rights as they relate to the conditions of confinement?

4. Whether the Defendants are liable under 42 U.S.C. § 1983 based upon the alleged violations of Plaintiffs' Fourteenth Amendment rights as it relates to sex discrimination in competency restoration?

> 5. Whether four hours of out-of-cell time is a constitutional standard for pre-trial detainees?

**(d) The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases**: None.

**(2) Previously Adjudicated Related Cases**: None.

**2. This case is complex because it possesses one or more of the features listed below (please check):**

| | |
|---|---|
| __x__ | (1) Unusually large number of parties |
| _____ | (2) Unusually large number of claims or defenses |
| __x__ | (3) Factual issues are exceptionally complex |
| __x__ | (4) Greater than normal volume of evidence |
| __x__ | (5) Extended discovery period is needed |
| _____ | (6) Problems locating or preserving evidence |
| _____ | (7) Pending parallel investigations or action by government |
| __x__ | (8) Multiple use of experts |
| _____ | (9) Need for discovery outside United States boundaries |
| _____ | (10) Existence of highly technical issues and proof |
| _____ | (11) Unusually complex discovery of electronically stored information |

**3. Counsel**:

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**Plaintiffs**: Sarah Geraghty and Devon Orland

**Defendants**: Ashley Palmer and Michelle Arrington

4. **Jurisdiction**: **Is there any question regarding this Court's jurisdiction?**
____Yes          __x__ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5. Parties to This Action**:

**(a) The following persons are necessary parties who have not been joined:**

None.

**(b) The following persons are improperly joined as parties:**

**Plaintiffs:** None.

**Defendants**: Defendants maintain that Mark Adger, in his official capacity, as Chief Jailer; Pearlie Young, in her official capacity as Detention Lieutenant, Tyna Taylor, in her official capacity as Detention Captain; and Meredieth Lightbourne, in her official capacity as Health Program Manager, should not be named as parties to this suit.

In her role as Health Program Manager, Meredith Lightbourne serves as the contract administrator for the Fulton County Sheriff's Office (FCSO) and oversees the inmate medical contract with the third party medical vendor, NaphCare, Inc., with which Fulton County contracts to provide constitutionally mandated medical and mental health services to the inmates in the Fulton County Jail and all of its annexes. Ms. Lightbourne ensures that the medical vendor is in compliance with

providing the services for which Fulton County has contracted and serves as a liaison between the medical vendor and the FCSO.

Further, as to Col. Mark Adger, Captain Tyna Taylor, and Lt. Pearlie Young, in their official capacities, claims against deputy sheriffs in their official capacities are duplicative and redundant when the Sheriff is also named in his official capacity. See Adcock v. Baca, 157 Fed. Appx. 118, 119 (11th Cir. 2005); Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., 402 F.3d 1092, 1115 (11th Cir. 2005).

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

    **Plaintiffs: N/A**

    **Defendants:** Medredieth Lightbourne should be properly referred to as Medredieth Lightbourne, in her official capacity, as Health Program Manager.

**(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6. Amendments to the Pleadings**:

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in L.R. 15.**

**(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:**

   **Plaintiffs**: This is a case about jail conditions and jail populations are transient. Plaintiffs will move to amend the complaint to add current detainees as named plaintiffs.

   **Defendants**: Defendants object to Plaintiffs' request pursuant to the legal requirements necessary to maintain class standing. Both named Plaintiffs had, until recently, been transferred out of the South Annex, and despite Plaintiffs' assertion that the GAO has organizational standing, it is unclear to Defendants how the GAO could establish that it has representative standing in this case. See Hunt v. Wash. State Apple Advertising Comm'n, 432 U.S. 333, 343 (1977) (an organization can establish representative standing by showing that at least one of its members has standing, that the interests at stake are germane to the organization's purpose, and that neither the claim nor the relief requires participation of the organization's individual members).

**(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7. Filing Times for Motions**:

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A (2).**

**(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

**(b) Summary Judgment Motions: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

**(c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

**8. Initial Disclosures**:

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).**

The parties will submit initial disclosures by September 30, 2019.

The parties will submit expert reports no later than 90 days before the close of

discovery and rebuttal expert reports, if any, 45 days before the close of discovery.

 **9. Request for Scheduling Conference**:

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Defendants request a scheduling conference to address matters related to the substitution of parties. Plaintiffs do not object to this request.

**10. Discovery Period**:

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

    **Plaintiffs**: Plaintiff will seek discovery related to all questions of law and fact listed in response to item 1(c) above.

    **Defendants**: Defendants will seek discovery related to the care and treatment of inmates with psychiatric disabilities; Plaintiffs' responsibility for any unsanitary conditions within the South Annex; and all other matters asserted in Plaintiffs' Complaint.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties agree to a six-month discovery period. The parties do not anticipate the need for additional time but reserve the opportunity to seek additional time should obstacles arise.

**11. Discovery Limitation and Discovery of Electronically Stored Information**:

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?** None.

**(b) Is any party seeking discovery of electronically stored information?**

__x__ Yes ____ No

**If "yes,"**

**(1)     The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

**Plaintiffs**: Plaintiffs anticipate seeking e-discovery related to the factual and/or legal matters raised in the complaint, including communication regarding the conditions of confinement in the South Fulton Jail.

Plaintiffs further propose the following:

The parties agree that upon request they will produce ESI, if any, in an appropriate fashion, the specifics of which will be agreed upon prior to the

commencement of discovery in this case. With any production, the parties shall preserve produced ESI in its native format, including available metadata.

Production of ESI shall be provided on an electronic storage media (such as CD, DVD, portable hard drive, USB flash drive or other portable storage device) or via secure FTP site and, unless otherwise agreed to, in .pdf format. If advanced search methodologies become necessary, the parties agree to disclose any search filters or culling methods used to identify potentially relevant ESI for production. The parties agree to confer in good faith regarding any issues related to the method of culling voluminous materials. If the producing party claims that production of ESI would be an undue burden, the producing party shall raise the issue with the party seeking production as soon as possible. If the parties cannot reach agreement on issues related to the scope and manner of production of ESI, they shall jointly seek guidance from the Court.

**Defendants**: The evidence sought by Defendants will relate to all matters alleged in the Complaint. Defendants do not object to Plaintiffs' above proposal.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

**Plaintiffs**: Please see response to 11(b)(1) above.  PDF is preferred.

**Defendants**: Electronic information that can be produced in PDF or paper format will be produced on a compact-disk, where necessary. In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference pursuant to paragraph 9 above.

**12. Other Orders: What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?** N/A.

**13. Settlement Potential**:

**(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on September 3, 2019, and that they participated in settlement discussions. Other persons who participated are listed according to party.**

**Plaintiffs:**

**Counsel (signature):** s/ Sarah Geraghty
**Other participants:** Devon Orland, Anne Kuhns, Atteeyah Hollie

**Defendants**:

**Counsel (signature)**: s/ Ashley Palmer
**Other participants:** Michelle Arrington

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

( x ) A possibility of settlement before discovery. (**Plaintiffs**)
(____) A possibility of settlement after discovery.
( x ) A possibility of settlement, but a conference with the judge is needed. (**Defendants**)
(____) No possibility of settlement.

(c) Counsel (__x__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is <u>October 15, 2019</u>.

(d) The following specific problems have created a hindrance to settlement of this case.

**Plaintiffs:**

1) Chronic staffing shortages prevent actual implementation of out-of-cell time for plaintiff class members.

2) The parties differ in their assessment of which women may be excluded from out-of-cell time and the duration of such exclusion.

3) There may be disagreement between the parties about the relevant standard of care and about the harm caused by solitary confinement.

**Defendants:**

Defendants' contested issues:

1. The constitutional standards regarding out-of-cell time for inmates in pre-trial detention;

2. What constitutes adequate mental healthcare in a jail facility;

3. The provision of competency restoration services, which is a state function pursuant to O.C.G.A. § 17-7-130; and

4. The responsibility that the FCSO's plays in the cleaning and maintenance of inmate cells that inmates, by FCSO policy, are required to keep clean and habitable.

**14. Trial by Magistrate Judge**:

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b) The parties (__x__) do not consent to having this case tried before a magistrate judge of this Court.

_____  _____

    Dated on this 23rd day of September, 2019.


Counsel for Plaintiffs:


| **Devon Orland** | **Sarah Geraghty** |
|---|---|
| Ga. Bar No. 554301 | Ga. Bar No. 291393 |
| Anne Kuhns | Atteeyah Hollie |
| Ga. Bar No. 149200 | Ga. Bar No. 411415 |
| GEORGIA ADVOCACY OFFICE | Ryan Primerano |
| 1 West Court Square | Ga. Bar No. 404962 |
| Suite 625 | SOUTHERN CENTER FOR HUMAN RIGHTS |
| Decatur, Georgia 30030 | 83 Poplar Street, NW |
| Tel.: (404) 885-1234 | Atlanta, Georgia 30303 |
| Email: dorland@thegao.org | Tel.: (404) 688-1202 |
| | Email: sgeraghty@schr.org |

Counsel for Defendants:

**Ashley J. Palmer**
Ashley J. Palmer
Senior Assistant County Attorney
Georgia Bar No. 603514
Email: ashley.palmer@fultoncountyga.gov
Telephone: (404) 612-0244

**Michelle D. Arrington**
Michelle D. Arrington
Assistant County Attorney
Georgia Bar No. 023808
Email: Michelle.arrington@fultoncountyga.gov
Telephone: (404) 612-0267

141 Pryor Street, S.W.
Suite 4038
Atlanta, GA 30303

* * * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____

_____

UNITED STATES DISTRICT JUDGE