IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GEORGIA ADVOCACY OFFICE *et al.*,

    Plaintiffs,

  v.

THEODORE JACKSON *et al.*,

    Defendants.

CIVIL ACTION

NO. 1:19-CV-1634-WMR-RDC

## ORDER

This matter is before the Court on Plaintiffs' motion to modify the preliminary injunction. [Doc. 111]. Based on the arguments presented in the parties' filings and at the hearing held on February 14, 2020, the Court grants the motion to modify the preliminary injunction and orders that the preliminary injunction entered on July 23, 2019 (Doc. 65) and finalized on September 23, 2019 (Doc. 94), shall be modified to apply to all women with psychiatric disabilities held in the South Fulton Jail, regardless of housing assignment. For purposes of this Order, a psychiatric disability means a mental impairment that substantially limits one or more major life activities, including, but not limited to, caring for oneself, learning, reading, concentrating, thinking, and communicating. *See* 42 U.S.C. § 12102. As described below, the modification ordered herein is narrowly drawn, extends no further than necessary to correct the harm that requires preliminary relief, and is the least intrusive means

necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). In entering this Order, the Court notes its agreement with Defendants' assertion that Defendants are empowered to reconfigure the South Fulton Jail as they see fit. The modification ordered herein does not interfere with the Defendants' discretion in that regard, but rather serves the injunction's basic purpose of ensuring that women with psychiatric disabilities receive adequate out-of-cell time and mental health services, whether they are in B-Pod, C-Pod, G-Pod, or some other area in the Jail.

## BACKGROUND

### A. Preliminary Injunction Order and Addendum Order

In this case, Plaintiffs challenge Defendants' alleged practice of isolating women with psychiatric disabilities in solitary confinement in the South Fulton Jail. Following three days of evidentiary hearings, the Court entered an initial preliminary injunction on July 23, 2019. (Doc. 65). Because it was undisputed at that time that the South Fulton Jail's B-Pod, C-Pod, and G-Pod were "non-acute mental health residential units" (Doc. 57 at 2), meaning that they housed women with psychiatric disabilities, Plaintiffs referenced those three pods in defining the scope of relief sought (*see, e.g.*, Doc. 16-1 at 37), and the Court limited each provision of its

preliminary injunction order so that it applied only to "B, C, and G pod." (Doc. 65 at 3-4).[1]

In its Order of July 23 (Doc. 65), the Court noted that a "forthcoming opinion as required by 18 U.S.C. § 3626(a)(2)" would address in detail the reasons for entering injunctive relief. (Doc. 65 at 1). On September 23, the Court entered an Addendum Order containing "findings of fact, conclusions of law, and a considered determination that the relief ordered by this Court satisfies 18 U.S.C. § 3626(a)(2)." (Doc. 94 at 1). In the Addendum Order, the Court described the evidence of psychological harm on women with psychiatric disabilities (*see* Doc. 94 at 4-19), made the findings required by § 3626(a)(2), and concluded that the addendum order satisfied the requirements of § 3626(a)(2) (*see* Doc. 94 at 41-54).

## B. Undisputed Recent Changes to Housing Locations for Women with Psychiatric Disabilities at the South Fulton Jail

In their motion for modification, Plaintiffs state that Defendants have recently changed their practices regarding the housing of women with psychiatric disabilities.

---

[1] In relevant part, the initial order required that Defendants (a) "develop a system to track each individual's out of cell time within B, C and G pod"; (b) "offer "offer at least four hours of daily out-of-cell time to each woman assigned to B-Pod, C-Pod, and G-Pod on at least five days each week"; and (c) establish a written plan "for providing sanitary conditions of confinement and out-of-cell therapeutic activities to each woman assigned to B-Pod, C-Pod, or G-Pod on at least five days each week." (Doc. 65 at 3).

First, Plaintiffs allege that Defendants began holding certain women with psychiatric disabilities for prolonged periods in the jail's intake area, located in H-Pod, an area that is not covered by the terms of the Court's preliminary injunction. (Doc. 111-1 at 1, 5). Second, Plaintiffs allege that Defendants temporarily converted at least one cell in D-Pod to a non-acute mental health housing unit that likewise was not covered by the preliminary injunction's terms. *See id.* Third, Plaintiffs allege that G-Pod currently houses both women with psychiatric disabilities and women without such disabilities who are in disciplinary segregation. *See id.* Plaintiffs presented various declarations in support of their assertions. (*See e.g.*, Childs Decl. ¶¶ 3-8, 10; P.R. Decl. ¶¶ 5-7; O.A. Decl. ¶ 3, 6-7).

The Plaintiffs' allegations about jail reconfiguration appear to be undisputed by Defendants. Defendants have stated, both in their response brief and at the February 14 hearing, that it has been necessary to reconfigure inmates' housing locations within the jail. *See, e.g.*, Doc. 120 at 5, n.1 (noting a "spike in the population of inmates" which has required that inmates be housed in "alternative locations within the Jail"); Doc. 120 at 3 ("Defendants advised this Court that with the implementation of the MHSU, the mental health pods would change, and the jail would be reconfigured"). In addition, Defendants agree that G-Pod houses both women with psychiatric disabilities and women without psychiatric disabilities who

are in disciplinary segregation. *See* Doc. 120 at 3 (referring to G-Pod as the Jail's "disciplinary pod").

In summary, there appears to be no dispute that after the Court issued its preliminary injunction orders, at least some women with serious mental illness were moved on a long-term basis to locations in the South Fulton Jail other than B-Pod, C-Pod, and G-Pod. There is further no dispute between the parties, and the Court agrees, that the decision to reconfigure the Jail and to move women with psychiatric disabilities to other areas, is completely within the discretion of the Sheriff. (Doc. 120 at 5, n.1).

## LEGAL ANALYSIS

### A. Modification is Warranted and the Court Has the Authority to Modify.

The Court finds that the modification sought is warranted under the circumstances. At the July 2019 hearing, Defendants presented evidence of a plan to reconfigure the mental health pods, and the parties agree that such reconfiguration occurred soon thereafter.[2] Additionally, the parties agree that G-Pod currently

---

[2] Defendants contend that women with serious mental illness held in areas of the jail not covered by the preliminary injunction (e.g. the intake area) are receiving the same amount of out-of-cell time as they would if housed in B- or C-Pods. Plaintiffs appear to disagree. (Doc. 111-1 at 6). The Court need not resolve this matter for purposes of the present motion. At the July 2019 hearing, Plaintiffs satisfied their preliminary injunction burden to show a substantial risk of serious harm to women with serious mental illness. The reconfiguration occurred shortly thereafter. The risk of serious harm remains the same regardless of the letter designation of the pod

houses both women with psychiatric disabilities and women without psychiatric disabilities who are in disciplinary segregation. (Doc. 120 at 3). As such, the injunction is now both arguably overbroad (in that it applies to women in G-Pod who do not have psychiatric disabilities), and underinclusive (in that it fails to cover women with psychiatric disabilities who are held in other pods).

The Court has the authority to issue a modification to the preliminary injunction in this case. *See Brown v. Plata*, 563 U.S. 493, 542 (2011) (holding district court "must remain open to a showing or demonstration by either party that the injunction should be altered to ensure that the rights and interests of the parties are given all due and necessary protection"); *System Federation No. 91 v. Wright*, 364 U.S. 642, 647 (1961) ("A continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need." (quoting *United States v. Swift & Co.*, 286 U.S. 106, 114 (1932))). In addition, Rule 54 of the Federal Rules of Civil Procedure provides that interlocutory orders "may be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). A district court retains jurisdiction to modify the terms of an injunction even while an appeal is pending. *See* Fed. R. Civ. P. 62(d); *see also* Fed. R. App. P. 8(a)(1)(C) ("A party must ordinarily move first in the district court for . . . an order . . . modifying . . . an

---

in which women with serious mental illness are housed. Plaintiffs need not re-prove the risk of harm to class members at this stage.

injunction while an appeal is pending"). Defendants have not called into question the Court's authority to modify an existing injunction at this stage of the proceedings.[3]

### B. The Narrow Modification Granted Satisfies 18 U.S.C. § 3626(a)(2).

The Court examined the provisions of the original preliminary injunction and found that they satisfy § 3626(a)(2). (Doc. 94 at 41-54). The limited modification granted in this order is supported by the Court's previous § 3626 findings because the change sought by Plaintiffs would merely ensure that the preliminary injunction's provisions apply to women with psychiatric disabilities instead of to designated housing areas of the jail—B, C, and G-Pod—that no longer correspond to the class of persons that the preliminary injunction is designed to protect. The modification is thus "proportional to the scope of the violation" and no more intrusive than the Court's initial preliminary injunction order. *See Plata*, 563 U.S. at 531.

As stated above, the Court today modifies the final preliminary injunction to apply to all women with psychiatric disabilities held in the South Fulton Jail, regardless of housing assignment.[4] The Court specifically finds that the

---

[3] Defendants instead argue that the injunction expired (Doc. 120 at 1-2, 9-11), an issue that is discussed below.

[4] As noted above, for purposes of this Order, a psychiatric disability means a mental impairment that substantially limits one or more major life activities, including, but not limited to, caring for oneself, learning, reading, concentrating, thinking, and

modification "is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). The Court intends for the modification to be "final" for purposes of preliminary injunctive relief under § 3626(a)(2).

The modification is narrowly drawn in that it identifies a discrete group of people to whom the final preliminary injunction applies. It is not overinclusive, since it excludes women without serious mental illness who may be housed in G-Pod. It is not underinclusive, since it includes women with psychiatric disabilities who may be housed in the intake area or elsewhere in the Jail. The modification ensures that the protections afforded by this Court's final preliminary injunction order will reach the intended beneficiaries of that relief, while at the same time not impeding the Sheriff's freedom to reconfigure the Jail as he sees fit.

For the same reasons, the modification extends no further than necessary to correct the violation of the federal rights at issue. The modification creates no new obligations beyond what the Court has already ordered. The same provisions giving

---

communicating. *See* 42 U.S.C. § 12102. This definition, taken from the United States Code, limits the preliminary relief granted by narrowly defining the group of persons who stand to benefit from the relief.

the Sheriff discretion to keep people in segregation in certain circumstances beyond 24 hours with appropriate safeguards (Doc. 94 at 45) continue to apply in this case going forward.

Finally, the modification is the least intrusive means by which to ensure that women with serious mental illness[5] receive the relief that the Court has already determined to be necessary. The modification will not be intrusive because Defendants have expressed their independent intent to apply the terms of the Court's order to women with psychiatric disabilities, irrespective of housing assignment. This modification simply ensures that they do so.

### C. The Court's Preliminary Injunction Did Not Expire After 90 Days.

Defendants contend that the preliminary injunction cannot be modified because, under 18 U.S.C. § 3626(a)(2), it expired automatically 90 days after it was issued. According to Defendants, a district court can only make a preliminary injunction order extend beyond 90 days by entering "a final order, which would be a permanent injunction." (Doc. 120 at 9). And because the Court did not enter a

---

[5] For purposes of this case, the terms "serious mental illness" and "psychiatric disability" appear to be functionally equivalent. Dr. Jeffrey Metzner defines serious mental illness as a mental disorder that "substantially interferes with the person's ability to meet the ordinary demands of living." (Doc. 38-1 at 15). The term "psychiatric disability" likewise refers to a "mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A).

9

permanent injunction within 90 days of entering preliminary relief, Defendants argue that the preliminary injunction is no longer in effect. (Doc. 120 at 2).

While the Court acknowledges that this issue presents a close question, the Court ultimately credits Plaintiffs' interpretation of § 3626(a)(2) as more faithful to the plain language and structure of the statute.

18 U.S.C. § 3626(a)(2) states, in pertinent part, that "[p]reliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90- day period." 18 U.S.C. § 3626(a)(2); *see United States v. Secretary, Fla. Dep't of Corr.*, 778 F.3d 1223, 1228 (11th Cir. 2015) (vacating injunction where district court "did not make those particularized findings or finalize its order").

"In statutory interpretation disputes, a court's proper starting point lies in a careful examination of the ordinary meaning and structure of the law itself." *Food Marketing Institute v. Argus Leader Media*, 139 S. Ct. 2356, 2364 (2019). Beginning with the text of the statute, the provision at issue here requires only that a district court finalize its preliminary injunction order within 90 days. 18 U.S.C. § 3626(a)(2). Defendants take the phrase "makes the order final" to refer to the entry of "a permanent injunction" (Doc. 120 at 9), but the ordinary meaning of "final" is not so limited. By its terms, all that the statute requires is "an order finalizing the

preliminary injunction," not the conversion of the preliminary injunction into a permanent injunction. *Secretary, Fla. Dep't of Corr.*, 778 F.3d at 1226.[6]

In addition, Defendants' interpretation of § 3626(a)(2) would render the "unless" clause superfluous. One of the "most basic interpretive canons" is that "a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Rubin v. Islamic Republic of Iran*, 138 S. Ct. 816, 825 (2018) (quoting *Corley v. United States*, 556 U.S. 303, 314 (2009)). If Defendants were correct that the phrase "makes the order final" required the entry of permanent injunctive relief, the entirety of § 3626(a)(2)'s "unless" clause would be rendered superfluous, because a different subsection of the statute, 18 U.S.C. § 3626(a)(1), already sets out the baseline requirements for permanent injunctive relief in prison conditions cases. If Congress had wanted to codify Defendants' interpretation of the statute, it could have simply said that preliminary injunctions automatically terminate after 90 days and omitted the remainder of the sentence, leaving the provisions of § 3626(a)(1) to govern the replacement of preliminary injunctive relief with permanent injunctive relief.

---

[6] *See id.* at 1227 (noting that "[t]he first thing the district court must do *to keep a preliminary injunction alive* past the 90-day deadline" is to make the findings required under subsection (a)(1), and that the second is to make the order final before the expiration of the 90-day period) (emphasis added). The Court of Appeals refers here not to replacing a preliminary injunction with a permanent one, but to "keep[ing] a preliminary injunction alive" during the pendency of the case.

Defendants further argued at the February 14 hearing that the Court failed specifically to state in its Addendum Order that it was a "final order."  It is true that the Addendum Order did not contain the word "final."  However, the Court's Addendum Order made extensive particularized findings concerning § 3626(a)(1) factors for the purpose of finalizing the initial preliminary injunction order pursuant to § 3626(a)(2).  The finality of the Court's Addendum Order is implicit in its language. (*See* Doc. 94 at 1 ("The instant order contains findings of fact, conclusions of law, and a considered determination that the relief ordered by this Court satisfies 18 U.S.C. § 3626(a)(2)")).

While the Court appreciates the Defendants' argument and understands that some courts, including the Ninth Circuit Court of Appeals, have accepted the Defendants' proposed interpretation of § 3626(a)(2), the Court ultimately credits the interpretation of the statute asserted by Plaintiffs in their briefing and argument.[7] The Court finds that the phrase "makes the order final," as it is used in 18 U.S.C. § 3626(a)(2), refers to finalizing the preliminary injunction by including the required findings so that the preliminary injunction may be extended beyond the 90-day period during the pendency of the action or until further order of the court.

---

[7] The Court considers that Defendants have fully preserved their objections to the Court's decision in this regard, both in their briefing and oral argument.  Defendants have additionally appealed this Court's final preliminary injunction order and have raised their argument with respect to § 3626(a)(2) in their appeal.

## CONCLUSION

The Court **GRANTS** Plaintiffs' motion to modify the preliminary injunction (Doc. 111) and ORDERS that the preliminary injunction entered on July 23, 2019, (Doc. 65) and finalized on September 23, 2019, (Doc. 94) shall be modified to apply to all women with psychiatric disabilities held in the South Fulton Jail.

IT IS SO ORDERED, this 26th day of February, 2020.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE