IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| GEORGIA ADVOCACY OFFICE, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) CIVIL ACTION ) NO. 1:19-CV-1634-WMR-RDC |
| v. | ) ) |
| THEODORE JACKSON, *et al.*, | ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

Plaintiffs respectfully submit this Sur-reply in Opposition to Defendants' Motion to Compel Return of Inadvertently-Delivered Privileged Documents and Other Relief, Including Sanctions (the "Motion") (Doc. 200) to briefly address several new arguments in Defendants' Reply in support of their Motion (the "Reply") (Doc. 220).

***Defendants claim incorrectly that Plaintiffs knew there was an inadvertent production.*** In their Reply, Defendants for the first time cite the transcript of Dr. Ray's continued deposition in support of their mistaken contention that Plaintiffs

knew at the deposition that the Disputed Documents were privileged. Defendants state that at the deposition: "Plaintiffs' counsel took the position that privilege had been waived but did not state the basis for his assertion." Reply at 12 (citing Doc. 220-1, Ray Oct. 7, 2020 Transcript). Defendants also claim that Plaintiffs "made obscure arguments alluding to waiver." *Id.* at 15. Defendants appear to be suggesting that Plaintiffs' reference to "waiver" evidenced knowledge that the document production was inadvertent and that Plaintiffs were hinting at waiver on those grounds. *Id.*

    Not so. In fact, Plaintiffs' reference to "waiver" clearly referred to Dr. Ray's waiver of any consulting privilege because of his dual role as a testifying expert. When Plaintiffs asked about Dr. Ray's consulting opinions, Defendants raised a privilege objection. (Ray Oct. 7, 2020 Tr. 38:13-25). Plaintiffs responded: "my question is, how is [Dr. Ray's] privilege not waived by the fact that that he's also a testifying expert in the same capacity with the same content regarding this litigation?" *Id.* Plaintiffs were merely asserting their consistently-held position that Dr. Ray's consulting protections were waived because Dr. Ray is also serving as a testifying expert. Plaintiffs did not know that the documents were "obviously privileged" (Doc. 200 at 11), and indeed have shown that they are not so. (Doc. 209).

***It was improper for Defendants to file the Motion without waiting in good faith for Plaintiffs' forthcoming response to the clawback request.*** Defendants violated good faith conferral rules by failing to do so. On October 8, Plaintiffs, working in good faith, assured Defendants that they would promptly provide a substantive response to the clawback request.  (Doc. 209 at 10). The next day, Defendants filed their motion with no further attempt to confer.  (*Id*). In the Reply, Defendants attach a new declaration from defense counsel, arguing that, due to "multiple imminent depositions, Defendants had no choice but to seek court intervention." Reply at 13 (citing Joiner Decl. ¶ 4). This is incorrect. In response to Defendants raising the clawback issue and before the Motion was filed, Plaintiffs had already agreed in writing to sequester the documents. (Doc. 209-14) ("In the interim, we will agree not to access or otherwise use the subject documents except for purposes of the clawback issue, pending a resolution of the dispute").[1] Because Plaintiffs had already agreed to sequester the documents at issue, Defendants were

---

[1]     Defendants also claim that Plaintiffs "refused to return the documents unless and until the Court ordered them to do so." Reply at 14. Again, this is incorrect. Plaintiffs stated that the documents would be sequestered "pending a resolution of the dispute." (Doc. 209-14 at 1). Plaintiffs were not yet prepared to go to the Court because, as they explained to Defendants, Plaintiffs had not yet fully analyzed the issues, stating: "we will promptly provide a substantive response once we have analyzed the concerns that you have raised." *Id.*

aware the documents would not be used at the "imminent depositions." With that knowledge, Defendants should not be excused from circumventing the good faith conferral rules.

*A subject-line created by the expert is not dispositive on the question of privilege.* Defendants' Reply also raises a new argument based on their expert's use of "privilege" in the subject-line of an email. Reply at 2, 12. But the fact that Defendants' expert—not their attorneys—labeled an email as consultant privileged is not dispositive. The documents do not contain attorney impressions.[2] For example, in *Chevron Pipe Line Co. v. Pacificorp*, the Court found that a draft report attached to an email with the subject line "PRIVILEGED AND CONFIDENTIAL/ATTORNEY CLIENT COMMUNICATION/ATTORNEY WORK PRODUCT/PREPARED AT REQUEST OF COUNSEL" was not privileged. 2:12-CV-287-TC-BCW, 2016 WL 10520301, at *2 (D. Utah Feb. 22, 2016). The Court therefore denied the plaintiff's motion to compel return of inadvertently produced documents. *Id. See also Sec. & Exch. Comm'n v. Rashid*, 17-CV-8223 (PKC), 2018 WL 6573451, at *2 (S.D.N.Y. Dec. 13, 2018) (finding

---

[2]     Moreover, and in an abundance of caution, Plaintiffs have already agreed to redact all attorney responses in the two email threads where attorneys replied. (Doc. 209 at 13 n.4).

4

no common interest privilege existed, notwithstanding existence of an email containing the subject line "Common Interest Privilege Document").

And Defendants leave out the important context that these emails were produced in response to a good-faith letter asking for documents that Defendants should have, but had not, produced in discovery. Specifically, in the good faith letter, Plaintiffs had sought documents showing Dr. Ray's opinions, (Doc. 209-9 at 4-5), to which Defendants responded that they had "examined each" of the 66 pages produced, determined which ones contained "information about which [Dr. Ray] will be testifying," and had redacted the remaining material. (Doc. 209-10 at 4, Doc. 209 at 6). Based on such representations, Plaintiffs could not have been expected to immediately discern that the production was inadvertent. This is especially true when considering the other documents that were simultaneously produced but not subject to the instant clawback, including emails wherein Dr. Ray detailed his thoughts, recommendations in anticipation of an upcoming court hearing, and suggestions regarding the development of his ongoing opinions. (Doc. Nos. 209-11, 209-12, 209-13). Defendants concede those documents are not privileged, but there is no clear distinction between these non-privileged documents and those Defendants seek to claw back. Plaintiffs should not be sanctioned for failing to differentiate the two categories.

***The Court need not engage in burden shifting.*** Defendants next argue for the first time in their Reply that the Court should engage in a burden-shifting analysis. Reply at 7. But no burden shifting need occur because the Disputed Documents satisfy the communications exceptions for testifying experts. As Plaintiffs explained in their Response, the only question is whether the documents are discoverable under FRCP 26(b)(4)(C). (Doc. 209 at 11–15.)

***Defendants misstate the law regarding the striking of deposition testimony.*** Defendants cite a new case, *Diamond Car Care, LLC v. Scottsdale Ins. Co.*, 16-CIV-20813, 2017 WL 1293249 (S.D. Fla. Jan. 10, 2017), for the proposition that the Court may strike deposition testimony. Reply at 17. Defendants are mistaken. In *Diamond Care*, the Court did not strike deposition testimony. 16-CIV-20813, 2017 WL 1293249, at *6. To the contrary, the Court found that neither party referenced any testimony to suggest that the clawback documents were actually used in depositions. *Id.* at * 5. Because there was no basis to conclude the documents were used, the Court declined to find waiver on that basis. *Id.* But the Court was clear that, had the documents been used in depositions, waiver would apply: "It is undisputed that testimonial use of work product waives its corresponding privilege." *Id.* at *4. Here, Defendants admit that Dr. Ray testified

6

regarding the contents of two documents at issue. Reply at 17–18. Any potential privilege has therefore been waived.

                              Respectfully submitted,

| | |
|---|---|
| Devon Orland | Sarah Geraghty |
| Ga. Bar No. 554301 | Ga. Bar No. 291393 |
| Anne Kuhns | Atteeyah Hollie |
| Ga. Bar No. 149200 | Ga. Bar No. 411415 |
| GEORGIA ADVOCACY OFFICE | Ryan Primerano |
| 1 West Court Square | Ga. Bar No. 404962 |
| Suite 625 | SOUTHERN CENTER |
| Decatur, Georgia 30030 | FOR HUMAN RIGHTS |
| (404) 885-1234 | 60 Walton Street, NW |
| (404) 378-0031 (fax) | Atlanta, Georgia 30303 |
| dorland@thegao.org | (404) 688-1202 |
| | (404) 688-9440 (fax) |
| | sgeraghty@schr.org |
| | |
| | /s/ Jarred A. Klorfein |
| | Michael A. Caplan |
| | Ga. Bar No. 601039 |
| | Jarred A. Klorfein |
| | Ga. Bar No. 562965 |
| | CAPLAN COBB LLP |
| | 75 Fourteenth Street NE, Suite 2750 |
| | Atlanta, Georgia 30309 |
| | (404) 596-5600 |
| | (404) 596-5604 (fax) |
| | mcaplan@caplancobb.com |

*Counsel for Plaintiffs*

November 11, 2020

## CERTIFICATE OF COMPLIANCE

I certify that this document has been prepared in compliance with Local Rule 5.1C using 14-point Times New Roman font.

/s/ Jarred A. Klorfein

November 11, 2020

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing using the CM/ECF system, which will send notification of filing to all counsel of record.

/s/ Jarred A. Klorfein

November 11, 2020