# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GEORGIA ADVOCACY OFFICE;<br>J.N., on behalf of herself and<br>others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>PATRICK LABAT, in his official<br>capacity as Sheriff of Fulton County;<br>MARK ADGER, in his official capacity<br>as Chief Jailer;<br>MEREDIETH LIGHTBOURNE, in her<br>official capacity as Medical Director;<br>TYNA TAYLOR, in her official<br>Capacity as Detention Captain;<br>PEARLIE YOUNG, in her official<br>Capacity as Detention Lieutenant,<br><br>  Defendants. | CIVIL ACTION FILE NO.<br>1:19-cv-01634-WMR-RDC |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT OPINIONS FROM DR. KENNETH RAY

**I.** *Introduction*

Plaintiffs' motion to exclude Expert Witness Dr. Kenneth Ray's opinions is not only much ado about nothing but it improperly places Defense counsel's professional credibility at issue. Plaintiffs argue that all of Dr. Ray's opinions should be struck because they were not provided in an expert report. However, Defendants

have never stated or even suggested that they intended to have Dr. Ray testify about any matters beyond those in his September 23, 2019 expert report, which was filed into the record more than a year ago. *See* Doc. 96-1.

As Plaintiffs note in their motion, and as this Court is well aware as a result of the numerous motions that have been filed with this Court, Dr. Ray is serving as both a testifying witness and a consultant. Where Defendants believed that the line between consultant and testifying witness might be crossed, they have produced the relevant records to Plaintiffs. Doc. 240, 39:5-17. And those records have concerned assessments and recommendations that Dr. Ray has provided to Defendants, not just for the purposes of this litigation, but to ensure that Fulton County was developing a durable and sustainable mental health program, terms that Dr. Ray collectively used in his October 7, 2020 deposition almost ten times. *See* Doc. 240, 14:13-18; 33:14-22; 33:24-34:10; 49:8-12; 152:17-24; 159:1-7; 160:13-19; and 161:7-13. As Plaintiffs continue to misunderstand, which is evidenced by the motion at issue here, Dr. Ray is a consultant to the Sheriff who is seeking to not merely comply with what Defendants now believe is an expired injunction, but to also ensure—in Dr. Ray's words—the development of a durable and sustainable mental health program.

## II.   *Legal Argument*

The alleged undisclosed opinions that Dr. Ray provided were in response to questions asked of him at his October 7, 2020 deposition. At no point does Plaintiff ever ask Dr. Ray if he intended to testify about these opinions, and Defendants' counsel has never represented that Dr. Ray intended to testify about opinions related to his view that Defendants are not "deliberately indifferent" or his opinion as to whether a court monitor should be appointed. Those are both legal conclusions, and thus, Defendants would never elicit such testimony from Dr. Ray, a non-legal professional. However, Defendants do intend to address with Dr. Ray all of the opinions that he outlined in his September 23, 2019 expert report, specifically his opinion that implementation of the Mental Health Stabilization Unit ("MHSU") would "[e]nsure and sustain durable Constitutional levels of custodial care and confinement for female inmates assigned to these [mental health] housing pods" (*see* Doc. 96-1, ¶¶ 36, 42), an opinion that Dr. Ray simply reiterated in his most recent declaration, in which he stated that any criticisms of the MHSU's current implementation do not affect [his] opinions that the plan is constitutionally adequate…." Doc. 253-9, p. 10.

Defendants' counsel take issue with Plaintiffs' assertion that they deliberately failed to comply with the Federal Rules. As officers of the Court, Defendants'

counsel are well aware of their responsibilities to the Court, and they complied with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). In *Reese v. Herbert*, 527 F.3d 1253 (11th Cir. 2008), for instance, the Court would not permit the expert to testify because he was not disclosed early enough. The Court discussed in its opinion how the purpose of disclosure is to make the opposing side aware of the opinions that the expert has and to also give the opposing side the chance to depose the expert and possibly find its own expert. *Id.* at 1265. The Court further stated that pursuant to the local rules, early disclosure enables the opposing side to depose the expert, so the expert's opinions can be rebutted, if necessary. *Id.* Here, Plaintiffs made their experts known at the commencement of this litigation, and in turn, Defendants secured their own expert. Also, as previously noted, and not disputed by Plaintiffs, Dr. Ray was identified in September, 2019, more than a year and a half ago. Further, Plaintiffs have deposed Dr. Ray on two separate occasions. There has been no surprise here, which is the purpose for the rules regarding expert disclosures.

> The expert witness discovery rules are designed to aid the court in its fact-finding mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case. *See* Fed.R.Civ.P. 26(a)(2) advisory committee's note (stating that expert disclosure rule intended to give opposing parties "reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses."); *Gorby v. Schneider Tank Lines, Inc.*, 741 F.2d 1015, 1018

4

(7th Cir. 1984); *see also Klonoski v. Mahlab*, 156 F.3d 255, 271 (1st Cir. 1998).

*Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000).

It appears that Plaintiffs are unhappy with the responses that their counsel elicited during Dr. Ray's deposition, so they want Dr. Ray's deposition testimony struck. About this, Plaintiffs and Defendants agree: Dr. Ray's deposition testimony should be struck, and only his September 23, 2019 expert report should stand, especially in light of Plaintiffs' purposeful retention of protected work product that Plaintiffs elected to use during Dr. Ray's deposition, rather than complying with the Professional Rules of Conduct and alerting Defendants of the possible inadvertent disclosure. However, even if this Court continues to decline to strike this deposition testimony—despite the Parties seeming agreement—there was no "unfair surprise" here and nothing about which Dr. Ray should be prohibited from testifying, including his work to ensure that the Sheriff has a durable and sustainable mental health program.

In addition to their misguided argument, Plaintiffs regretfully insult Dr. Ray's credentials, making spurious assertions, and deeming him not qualified to give his opinions. As Dr. Ray's curriculum vitae makes clear, his area of specialization is clinical and management services in correctional settings, areas in which he has practiced for more than forty (40) years. Doc. 96-1, ¶ 3; Doc. 96-2. He received a

Doctorate of Behavioral Health from Arizona State University, Tempe; and both a Master's degree in education, counseling and human development and a Bachelor of Science in criminal justice from Lamar University in Beaumont, TX. Doc. 96-1, ¶ 4. Further, he holds an active mental health counselor licensure in Washington State, which enables him to diagnose patients' mental illnesses. Doc. 96-1, ¶ 5; *see also* RCS (Revised Code of Washington) 18.255.010, 18.255.030 and 18.255.090 and WAC (Washington Administrative Code) 246-809-035. Further, Dr. Ray has associated Dr. Richard Dudley, Jr., M.D., a licensed psychiatrist, as he has been working to assist the Sheriff with building a durable and sustainable mental health program, and despite Plaintiffs' dismissive and passing reference to Dr. Dudley (*see* Doc. 263-2, fn. 1), he sat for a seven hour deposition conducted by Plaintiffs' counsel on October 15, 2020, so Plaintiffs are keenly aware of who Dr. Dudley is and the consulting services that he has been providing to Defendants by way of his subcontractor relationship with Dr. Ray. *See* Doc. 265-15.[1]

### III.   *Conclusion*

As previously stated, Plaintiffs' motion is much ado about nothing, and frankly, nothing more than a transparent attempt to demean Defendants' expert and

---

[1] Defendants would note that Plaintiffs filed Dr. Dudley's deposition transcript as an exhibit to Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment (Doc. 265), despite their apparent disbelief as to his existence.

6

insult Defendants' counsel's professional integrity. Defendants would ask that the Court see this motion for what it is and summarily deny it.

Respectfully submitted this 17th day of March, 2021.

        **OFFICE OF THE FULTON COUNTY ATTORNEY**

        Kaye Woodard Burwell
        Interim County Attorney
        Georgia Bar No. 775060

        */s/ Ashley Palmer*
        Ashley Palmer
        Senior Assistant County Attorney
        Georgia Bar No. 603514
        ashley.palmer@fultoncountyga.gov

        Thomas Blaylock
        Assistant County Attorney
        Georgia Bar No. 738369

        Amelia M. Joiner
        Assistant County Attorney
        Georgia Bar No. 362825

        **Attorneys for Defendants**

141 Pryor Street, SW
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Office)
(404) 730-6324 (Facsimile)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GEORGIA ADVOCACY OFFICE; )<br>J.N., on behalf of herself and )<br>others similarly situated, )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>PATRICK LABAT, in his official )<br>capacity as Sheriff of Fulton County; )<br>MARK ADGER, in his official capacity )<br>as Chief Jailer; )<br>MEREDIETH LIGHTBOURNE, in her )<br>official capacity as Medical Director; )<br>TYNA TAYLOR, in her official )<br>Capacity as Detention Captain; )<br>PEARLIE YOUNG, in her official )<br>Capacity as Detention Lieutenant, )<br>)<br>    Defendants. ) | CIVIL ACTION FILE NO.<br>1:19-cv-01634-WMR-RDC |

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on this the 17th day of March, 2021, I prepared the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT OPINIONS FROM DR. KENNETH RAY** in Times New Roman, 14 point type, in accordance with L.R. 5.1(C). I further certify that I electronically filed **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT OPINIONS FROM DR. KENNETH RAY** with the

8

Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following counsel of record:

Devon Orland
Anne Kuhns
Georgia Advocacy Office
1 West Court Square
Suite 625
Decatur, Georgia 30030

Sarah Geraghty
Ryan Primerano
Atteeyah Hollie
Southern Center for Human Rights
83 Poplar Street, NW
Atlanta, Georgia 30303

Michael A. Caplan
Jarred Klorfein
CAPLAN | COBB
75 Fourteenth St. NE
Suite 2750
Atlanta, Georgia 30309

Respectfully submitted, this 17th day of March, 2021.

>            */s/ Ashley Palmer*
> Ashley Palmer
> Senior Assistant County Attorney
> Georgia Bar No. 603514
> ashley.palmer@fultoncountyga.gov

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Telephone)

(404) 730-6324 (Facsimile)