IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGIA ADVOCACY OFFICE, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>PATRICK LABAT, *et al.*,<br><br>    Defendants. | CIVIL ACTION<br><br>NO. 1:19-CV-1634-WMR-JFK |

**PLAINTIFFS' MOTION FOR ISSUANCE OF A
SECOND PRELIMINARY INJUNCTION**

1.  Plaintiffs respectfully move the Court to issue a second, successive preliminary injunction. In light of the Eleventh Circuit's ruling that the first preliminary injunction has expired, Plaintiffs request the Court to enter a second injunction to continue protecting Class Plaintiffs while the case proceeds to trial.

2.  Plaintiffs brought this case as a last resort to remedy unconstitutional conditions of confinement in the South Fulton Jail. Women with serious mental illness in the jail exhibited multiple symptoms of a deteriorated mental state, such as feces-smearing, head-banging, and repeated suicidal behaviors. After three days

of testimony (Dkt. 62; Dkt. 68; Dkt. 69), the Court summarized the conditions as "repulsive" and "something that's got to be remedied and needs to be remedied immediately." Dkt. 73 at 54. The Court observed that there was "zero [expert testimony] offered by anyone for the defense that [said] that what's going on [in the jail] is acceptable." *Id*. at 55.

3. The Court therefore entered a preliminary injunction under the Prison Litigation Reform Act ("PLRA"). The preliminary injunction required Defendants to, among other things, offer minimum levels of out-of-cell time and to submit a written plan to address the conditions. Dkt. 65; Dkt. 94. The Court subsequently modified the scope of the preliminary injunction. Dkt. 143; Dkt. 163. The Court also certified a class of women with psychiatric disabilities. Dkt. 86. Defendants subsequently appealed the entry of the preliminary injunction.

4. In the interim, Plaintiffs sought contempt for Defendants' failure to abide by the preliminary injunction. Plaintiffs presented evidence—including Defendants' own records and admissions, as well as testimony from women in the jail—that established Defendants were failing to abide by the preliminary injunction. Dkt. 280; Dkt. 294.

5. Last week, before the Court was able to rule on the contempt motion, the Eleventh Circuit determined that preliminary injunctions issued under the

PLRA automatically expire after 90 days. *Georgia Advocacy Office v. Jackson*, No. 19-14227, 2021 WL 2944338, at *1 (11th Cir. July 14, 2021). Plaintiffs therefore seek an order issuing a second preliminary injunction to protect class plaintiffs while the case proceeds to trial.

6. The necessity of the injunction still exists. And under the PLRA, a district court may issue a second or successive preliminary injunction.[1] Indeed, "[n]othing in the [PLRA] limits the number of times a court may enter preliminary relief." *Mayweathers v. Newland*, 258 F.3d 930, 936 (9th Cir. 2001). In *Mayweathers*, the district court issued a preliminary injunction, which the defendants appealed, seeking a ruling that the injunction expired after 90 days. *Id.* at 936. While that appeal was pending, the district court issued a second, identical preliminary injunction to preserve the status quo, which the defendants also appealed. *Id.* at 935–36. Consolidating the appeals, the Ninth Circuit found that the court was well within its authority to issue successive, identical injunctions: "The district court did not . . . violate the terms of the [PLRA] by entering the second injunction after the first one expired." *Id*. at 936.

---

[1] By seeking a renewed preliminary injunction, Plaintiffs are abiding by the Eleventh Circuit's determination that the first preliminary injunction has expired. Plaintiffs are, however, seeking rehearing of that determination *en banc* and they do not intend to waive their argument that the first injunction remains in effect.

7. Similarly, in *Alloway v. Hodge*, 72 F. App'x 812 (10th Cir. 2003), the Tenth Circuit held that a second injunction was appropriate even after a defendant moved to terminate the original injunction due the expiration of the 90 days. In *Alloway*, the defendants did not appeal the preliminary injunction, but later moved to terminate it, arguing that the failure to make the requisite findings and to make the order final within 90 days resulted in the automatic termination of the injunction. *Id.* at 814. In response, the district court issued a new order. *Id.* at 815. On appeal, the Tenth Circuit held that, although the original preliminary injunction had expired, the district court effectively entered a new, successive injunction fully compliant with the PLRA. *Id.* at 817. Quoting *Mayweathers*, the Court reiterated: "'Nothing in the PLRA limits the number of times a court may enter preliminary relief.'" *Id.*

8. Consistent with the authority granted to district courts under the PLRA, Plaintiffs respectfully request that the Court enter a new preliminary injunction, with the same terms as the injunction previously in place. Such a renewal is appropriate. Indeed, courts in this Circuit have summarily renewed preliminary injunctions under the PLRA without a new hearing. In *Hoffer v. Jones*, for example, the court re-issued a preliminary injunction under the PLRA without a hearing and by "incorporat[ing] all previously made findings supporting the

4

original injunction and subsequent modifications." 4:17CV214-MW/CAS at 3–4 (N.D. Fla. Feb. 21, 2018). *See also Laube v. Campbell*, 255 F. Supp. 2d 1301, 1304 (M.D. Ala. 2003) (("[T]he . . . preliminary injunction has expired . . . . This is not to say, however, that the plaintiffs may not move for another preliminary injunction if they so desire."). Here, a re-issued preliminary injunction is similarly appropriate.[2]

9. Plaintiffs are prepared to move to trial expeditiously as soon as the Motion for Summary Judgment is resolved. Plaintiffs therefore anticipate needing to renew the preliminary injunction only once, to cover the period leading up to a trial.

## CONCLUSION

For all of these reasons, the Court should issue a second preliminary injunction.

[signature on following page]

---

[2] To the extent the Court wishes to make additional findings, Plaintiffs incorporate by reference the evidence presented in their contempt motion. Dkt. 280; Dkt. 294. In addition, while Plaintiffs do not believe a hearing is necessary to establish new findings, they are prepared to present evidence at a hearing should the Court wish to make new findings.

Respectfully submitted, this 23rd day of July, 2021.

<table>
<tr><td>

Devon Orland
Ga. Bar No. 554301
Anne Kuhns
Ga. Bar No. 149200
GEORGIA ADVOCACY OFFICE
1 West Court Square
Suite 625
Decatur, Georgia 30030
(404) 885-1234
(404) 378-0031 (fax)
dorland@thegao.org

</td><td>

Atteeyah Hollie
Ga. Bar No. 411415
Ryan Primerano
Ga. Bar No. 404962
SOUTHERN CENTER
FOR HUMAN RIGHTS
60 Walton Street, NW
Atlanta, Georgia 30303
(404) 688-1202
(404) 688-9440 (fax)
sgeraghty@schr.org

*/s/ Jarred A. Klorfein*
Michael A. Caplan
Ga. Bar No. 601039
Jarred A. Klorfein
Ga. Bar No. 562965
CAPLAN COBB LLP
75 Fourteenth Street, NE
Suite 2750
Atlanta, Georgia 30309
(404) 596-5600
(404) 596-5604 (fax)
mcaplan@caplancobb.com
jklorfein@caplancobb.com

</td></tr>
</table>

*Counsel for Plaintiffs*

## **CERTIFICATE OF COMPLIANCE**

I certify that this document has been prepared in compliance with Local Rule 5.1(C) using 14-point, Times New Roman font.

*/s/ Jarred A. Klorfein*

July 23, 2021

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing using the CM/ECF system, which will send notification of filing to all counsel of record.

/s/ Jarred A. Klorfein

July 23, 2021