# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| GEORGIA ADVOCACY OFFICE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | NO. 1:19-CV-1634-WMR-RDC |
| | ) | |
| THEODORE JACKSON, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY APPROVAL ORDER

The parties have reached a proposed class action Settlement Agreement resolving the claims for injunctive relief in this case.  Pursuant to Federal Rule of Civil Procedure 23(e), the parties have jointly moved the Court to: (a) adopt the definition of the class as defined in the Settlement Agreement as "Covered Persons"; (b) preliminarily approve the Settlement Agreement; (c) approve of a process for giving notice to the class; (d) schedule a final fairness hearing; and (e) following the final fairness hearing, grant final approval of the Settlement Agreement, and adopt the Settlement Agreement by incorporation as the order of the Court.

## BACKGROUND

In April of 2019, Plaintiffs brought this action under 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act, seeking prospective relief

to remedy an alleged policy and practice of holding people with psychiatric disabilities in solitary confinement and under allegedly unconstitutional conditions at the South Fulton Municipal Regional Jail ("South Fulton Jail").

The complaint sought class-wide injunctive relief to ensure that people with serious mental illness at the South Fulton Jail received appropriate time out of their cells, access to therapeutic services, appropriate food and water, and humane living conditions. Plaintiffs' Motion for Preliminary Injunction was granted July 23, 2019 (Doc. 65); class certification was granted September 10, 2019 (Doc. 86); and after almost two years of discovery, Defendant's Motion for Summary Judgment was denied September 13, 2021. (Doc. 321).

Through the lengthy discovery process, Plaintiffs obtained and reviewed many relevant records. In addition, Plaintiffs deposed the prior Sheriff, the Chief Jailor, mental health and correctional staff, and the Defendant's experts. Defendant deposed Plaintiffs' two experts, Dr. Jeffrey Metzner, an expert in correctional psychiatry, and Mr. Emmitt Sparkman, an expert in corrections.

The parties engaged in settlement discussions over the course of three weeks.

The Settlement Agreement, attached hereto as Exhibit A, requires the Defendant to (1) take immediate and ongoing steps to ensure that people with serious mental illness who are housed at the South Fulton Jail receive: out-of-cell time; out-of-cell therapeutic activities; reading materials; access to drinking water; toiletries, personal

hygiene items, and laundry; showers; equal access to recreational opportunities, visitation, educational or enrichment activities; and food that is not soured, expired, or moldy, and (2) maintain the highest possible standards of cleanliness and sanitation in the areas in which Covered Persons are housed; and (3) provide specially trained correctional staff.

**DISCUSSION**

## I.     CLASS CERTIFICATION UNDER RULE 23

The parties have jointly requested that the Court certify a settlement class under Federal Rule of Civil Procedure 23(a) and (b)(2), with the class defined as "Covered Persons." This class includes all people housed in the South Fulton Jail who experience serious mental illness and cannot function within the general population of the South Fulton Jail because of the nature or severity of their psychiatric disability.

A.     Rule 23(a)

Federal Rule of Civil Procedure 23(a) permits a case to be maintained as a class action if:

> (1) the class is so numerous that joinder of all members is impracticable,

> (2) there are questions of law or fact common to the class,

> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

The Court finds, based on the stipulations of the parties and its own independent review of the record, that the settlement class here meets the requirements of Rule 23(a).

The numerosity requirement is satisfied by 100 people (at least half of the South Fulton County Jail's female population), of which 30 to 40 are held in B, C, and G pods (the mental health pods); and by the future stream of people with psychiatric disabilities who will enter the system.  (Doc. 86).

The commonality requirement is met because this case presents several dispositive questions of law and fact common to the class, including factual issues such as use, effects, and conditions of solitary confinement; availability of accommodations made in regard to programs and activities; the denial of jail-based competency restoration and reasons for denial; and legal issues including the constitutionality of solitary confinement and conditions therein, and reasonableness of Defendant's actions in regard to programs and activities.  (Doc. 86).

The typicality requirement is met because the legal claims of the class representatives are the same as those of other class members in that they are or were injured by the same practices and procedures.  (Doc. 86).

The adequacy requirement is met because there are no known conflicts of interest between the members of the proposed class.  Further, Plaintiffs are currently represented by attorneys from the Southern Center for Human Rights (pursuant to the appointment of this Court) and the Georgia Advocacy Office ("GAO")- a federally funded protection and advocacy system for people experiencing disabilities, all of whom have experience litigating complex civil rights matters in federal court, and have engaged in extensive discovery and pre-trial litigation in this case.  (Doc. 86).

B.     Rule 23(b)(2)

Federal Rule of Civil Procedure 23(b)(2) permits a case to be certified as a class action if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate to the class as a whole."

The Court finds, based on the stipulations of the parties and its own independent review of the record, that the settlement class here meets the requirements of Rule 23(b)(2), which routinely applies to civil rights cases.  (See Doc. 328)  Here, all class members are subject to Defendant's policies and practices.  (Id.)  Because these policies and practices apply generally to all class members, all class members will benefit from the relief afforded them by the settlement of this case.

C.     Rule 23(g)

The parties have requested that counsel for Plaintiffs be appointed class counsel

pursuant to Federal Rule of Civil Procedure 23(g), given:

> (i) the work counsel has done in identifying or investigating potential
> claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex
> litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).  The Court finds, based on the stipulations of the

parties and its own independent review of the record, that appointment of Plaintiffs'

counsel as class counsel is appropriate.  (See Doc. 328- Exhibit B)

The parties request that the Court: (a) adopt the definition of the class as defined

in the Settlement Agreement as "Covered Persons"; (b) preliminarily approve the

Settlement Agreement; (c) approve of a process for giving notice to the class; (d)

schedule a final fairness hearing; and (e) following the final fairness hearing, provide

final approval of the Settlement Agreement, and adopt of the Settlement Agreement by

incorporation as the order of the Court.

## II.  PRELIMINARY APPROVAL UNDER RULE 23

Under Rule 23(e), the claims of a proposed class "may be settled, voluntarily

dismissed, or compromised only with the Court's approval."  Fed. R. Civ. P. 23(e).  To

approve a class settlement, the Court must find "that it is fair, reasonable, and adequate" in light of the adequacy of the representation of the class, the manner in which settlement was negotiated, the adequacy of the relief provided to the class under the agreement, and the fairness of treatment of class members relative to each other. Fed. R. Civ. P. 23(e)(2) (effective Dec. 1, 2018).  "Determining the fairness of the settlement is left to the sound discretion of the trial court."  *Bennett v. Behring Corp*., 737 F.2d 982, 986 (11th Cir. 1984).

A.   Adequate Representation of the Class, and Informed and Arm's-Length Negotiation

Rule 23 requires the Court to consider whether "the class representatives and class counsel have adequately represented the class," Fed. R. Civ. P. 23(e)(2)(A), and whether "the proposal was negotiated at arm's length," Fed. R. Civ. P. 23(e)(2)(B). These requirements speak to "'procedural' concerns, looking to the conduct of the litigation and of the negotiations leading up to the proposed settlement."  Fed. R. Civ. P. 23 Advisory Comm.'s Note, 2018 amend.  The focus should be "on the actual performance of counsel acting on behalf of the class," including whether class counsel "had an adequate information base" and whether negotiations "were conducted in a manner that would protect and further the class interests."  *Id*.; *see Lipuma v. Am. Express Co*., 406 F. Supp. 2d 1298, 1324 (S.D. Fla. 2005) ("The stage of the proceedings at which a settlement is achieved is evaluated to ensure that Plaintiffs had

access to sufficient information to adequately evaluate the merits of the case and weigh the benefits of settlement against further litigation.").

Here, the Court finds, based on the stipulations of the parties and its own independent review of the record, that the parties' Settlement Agreement is the product of arm's-length, adversarial negotiations between experienced and knowledgeable counsel who have prosecuted and defended this litigation for over two years.  The agreement was approved by the class representative based solely on what they perceived to be in the best interest of themselves and the absent class members.  The process by which the Settlement Agreement was reached was therefore fair to the class members and free of collusion between the parties.  *See, e.g.*, *Poertner v. Gillette Co.*, 618 F. App'x 624, 630 (11th Cir. 2015) (affirming approval of classwide Settlement Agreement where "the parties settled only after engaging in extensive arms-length negotiations").  In addition, the parties negotiated relief for the class separately from attorney's fees, thereby reducing the risk of a conflict between the interests of the class members and those of Plaintiffs' counsel.

Before settling the case, through the lengthy discovery process, Plaintiffs obtained and reviewed many relevant records.  In addition, Plaintiffs deposed the prior Sheriff, the Chief Jailer, mental health and correctional staff, and the Defendant's experts.  Defendant, in turn, deposed the Plaintiffs' experts, Dr. Jeffrey Metzner, an expert in correctional psychiatry, and Mr. Emmitt Sparkman, an expert in corrections,

and class representatives.  The parties are well informed about the conditions in the South Fulton Jail and how they affect Covered Persons.  Therefore, the Court finds that Plaintiffs and their counsel were well positioned to negotiate effective relief and have adequately represented the class.

Here, the parties' Settlement Agreement is the product of arm's-length, adversarial negotiations between experienced and knowledgeable counsel who have prosecuted and defended this litigation for over two years.  The agreement was approved by the class representatives based solely on what they perceived to be in the best interest of themselves and the absent class members.  The process by which the Settlement Agreement was reached was therefore fair to the class members and free of collusion between the parties.  *See, e.g.*, *Poertner v. Gillette Co.*, 618 F. App'x 624, 630 (11th Cir. 2015) (affirming approval of class-wide Settlement Agreement where "the parties settled only after engaging in extensive arms-length negotiations").  In addition, the parties negotiated relief for the class separately from attorney's fees, thereby reducing the risk of a conflict between the interests of the class members and counsel.

Before settling the case, the parties completed a discovery process involving nearly two years of reviewing voluminous records; interviewing numerous people housed in the jail; deposing jail officials, experts, and Plaintiffs; viewing conditions in the jail firsthand; and consulting with experts.  The parties are well informed about the

conditions in the jail and how they affect the class members.  Therefore, Plaintiffs and their counsel were well positioned to negotiate effective relief.

B.     Fair and Adequate Relief

The Court finds, based on the stipulations of the parties and its own independent review of the record, that the Settlement Agreement provides adequate substantive relief for the class members and treats class members equitably.  *See* Fed. R. Civ. P. 23(e)(2)(C)–(D).  Factors that must be considered in determining the substantive adequacy of relief include:

> (i) the costs, risks, and delay of trial and appeal;
>
> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>
> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>
> (iv) any agreement required to be identified under Rule 23(e)(3).

Fed. R. Civ. P. 23(e)(2)(C) (effective Dec. 1, 2018).  In addition to the factors enumerated above, decisions under previous versions of Rule 23 require courts to consider "(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the anticipated complexity, expense, and duration of litigation; (5) the opposition to the settlement; and (6) the stage of

proceedings at which the settlement was achieved." *Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir. 2011); *see also Nelson v. Mead Johnson & Johnson Co.,* 484 F. App'x 429, 434 (11th Cir. 2012).  The relevant factors are discussed below.

C.      Likelihood of success at trial, and associated costs and delay

Plaintiffs claim that Defendant violated their rights under the United States Constitution, the Americans with Disabilities Act, and the Rehabilitation Act, by holding them in long-term solitary confinement, in unhealthy living conditions, and without appropriate therapeutic interventions.  Plaintiffs and their counsel continue to believe that these claims are meritorious and that Plaintiffs would prevail if the case were to proceed to trial.  *See, e.g.*, *Thomas v. Bryant*, 614 F.3d 1288, 1313 (11th Cir. 2010) (holding risk of psychological harm to prisoners may violate Eighth Amendment); *Sheley v. Dugger*, 833 F.2d 1429-30 (11th Cir. 1987) (same); *Hardwick v. Ault*, 447 F. Supp. 116, 125-27 (M.D. Ga. 1978) (same).

Defendant has raised many defenses to Plaintiffs' claims and has denied liability.  Defendant's factual and legal defenses have not been tested at trial. Defendant did present a defense to Plaintiffs' motion for preliminary injunction, and the Court granted the injunction enjoining Defendant's conduct.  Defendant subsequently filed a Motion for Summary Judgement that this Court denied in

11

all material respects.  The parties agree that there is uncertainty about how the merits of Plaintiffs' claims would ultimately be resolved if the case proceeded to a trial on the merits.

A trial on the merits would entail substantial litigation costs and delay in the resolution of this case.  Before a trial could occur, the parties would have to engage in substantive preparation, including preparing out-of-state expert witness whose attendance at trial would increase party expenses, and the Court would need to conduct an evidentiary hearing on Plaintiffs' pending renewed preliminary injunction, and potentially resolve numerous pretrial matters, including transportation for detained witnesses and parties to the trial, evidentiary matters, and stipulations.  The cost of further litigation would be considerable in terms of time and funds expended.

The Court finds, based on the stipulations of the parties and its own independent review of the record, that this factor weighs in favor of a finding that the relief provided in the Settlement Agreement is fair and adequate to class members.

D.    Range of possible recovery

"In determining whether a settlement is fair and reasonable, the court must also examine the range of possible damages that plaintiffs could recover at trial and combine this with an analysis of plaintiffs' likely success at trial to

determine if the settlements fall within the range of fair recoveries." *Columbus Drywall & Insulation Inc. v. Masco Corp.,* 258 F.R.D. 545, 559 (N.D. Ga. 2007). Here, if Plaintiffs established Defendant's liability at trial, Defendant would be required to change certain conditions of confinement in the South Fulton Jail to conform to the Eighth and Fourteenth Amendments. *See Brown v. Plata*, 563 U.S. 493, 510-11 (2011). In addition, the Prison Litigation Reform Act (PLRA) requires that relief be no more restrictive "than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1)(A).

The parties' Settlement Agreement represents the parties' negotiated compromise between Plaintiffs' goal of remedying allegedly unlawful conditions of confinement, and Defendant's goal of avoiding undue intrusion into jail operations. The parties agree and the Court finds that the prospective relief in the settlement satisfies the requirements of 18 U.S.C. § 3626(a)(1)(A) in that the relief is narrowly drawn, extends no further than necessary to correct the alleged violations of the federal rights asserted by Plaintiffs Complaint, and is the least intrusive means necessary to correct the violations of federal rights. In light of the PLRA's requirements, the Settlement Agreement likely provides prospective relief similar to which the class would receive after trial, but without the attendant delay, expense, and risk of further litigation.

13

The terms of the Settlement Agreement compare favorably with settlements approved in other similar cases.  Among other things, the Settlement Agreement requires Defendant to (1) take immediate and ongoing steps to ensure that people with serious mental illness who are housed at the South Fulton Jail receive: out-of-cell time; out-of-cell therapeutic activities; reading materials; access to drinking water; toiletries, personal hygiene items, and laundry; showers; equal access to recreational opportunities, visitation, educational or enrichment; and food that is not soured, expired, or moldy, (2) maintain the highest possible standards of cleanliness and sanitation in the areas in which Covered Persons are housed; and (3) provide specially trained correctional staff.

Given the uncertainties discussed in the preceding section, the parties submit that the proposed settlement is fair and well within the range of possible recovery at trial.  *See Ault v. Walt Disney World Co.*, 692 F.3d 1212, 1218 (11th Cir. 2012) ("If [defendant] prevails at trial, the class will be left with no remedy at all.").

The Court finds, based on the stipulations of the parties and its own independent review of the record, that this factor weighs in favor of a finding that the relief provided in the Settlement Agreement is fair and adequate to class members.

E.      Complexity, expense, and duration of litigation

As noted above, litigating this case would be expensive and time consuming.  The parties anticipate that further litigation of this case would involve extensive adversarial proceedings and would require a substantial amount of time and effort by the parties as well as the Court.  *Cf. Melanie K. v. Horton*, No. 1:14-CV-710-WSD, 2015 WL 1799808, at *3 (N.D. Ga. Apr. 15, 2015) (granting preliminary approval of settlement partly because "the Parties w[ould] be highly motivated to aggressively litigate this case if a settlement was not approved").  The discovery in this case was extensive and a trial on the merits would entail presentation of a large volume of records.  A trial would also include testimony from experts based in other states, and the transportation of witnesses across Georgia.  Moreover, the delay entailed by further proceedings could harm Covered Persons currently held in the South Fulton Jail.  Approval of the agreement will avoid the need for and expense of litigating similar claims in the future.

The Court finds, based on the stipulations of the parties and its own independent review of the record, that this factor weighs in favor of a finding that the relief provided in the Settlement Agreement is fair and adequate to class members.

F.   <u>Anticipated opposition to settlement</u>

"In determining whether to certify a settlement class, a court must also examine the degree of opposition to the settlement." *Columbus Drywall,* 258 F.R.D. at 560.  Where "no notice has been provided to the class members, the Court cannot assess whether there are any objectors." *Id.*  For that reason, the Court will address this issue after the notices have been sent to and responses received from the members of the Class.  *See id.*  The parties anticipate no substantial or meritorious opposition to the Settlement Agreement.

G.   <u>Effectiveness of proposed method of distributing relief</u>

Because the Settlement Agreement will apply to people with serious mental illness housed in the Fulton County South Annex, the "method of distributing relief to the class" will effectively benefit every member of the class.

The Court finds, based on the stipulations of the parties and its own independent review of the record, that this factor weighs in favor of a finding that the relief provided in the Settlement Agreement is fair and adequate to class members.

H.   <u>Terms of attorney's fees award</u>

Rule 23 requires a district court to assess "the terms of any proposed award of attorney's fees, including timing of payment."  Fed. R. Civ. P.

23(e)(2)(C)(iii).  There are no "rigid limits" on attorney's fees, but "the relief actually delivered to the class can be a significant factor in determining the appropriate fee award."  Fed. R. Civ. P. 23 Advisory Comm.'s Note, 2018 amend.

Here, the parties have agreed that counsel for the parties will confer in the 45 days following the Court's Order preliminarily approving the Settlement Agreement in an effort to reach an agreement regarding the amount of the fee award.  If the parties reach a resolution with respect to fees, Plaintiffs will submit an unopposed fee petition by no later than 15 days in advance of the fairness hearing in accordance with Federal Rule of Civil Procedure 23(h).  In the event the parties are unable to resolve by agreement issues relating to Plaintiffs' claim for attorney fees, Plaintiffs may petition the Court by no later than 15 days in advance of the fairness hearing for a resolution thereof. Defendant's opposition shall in any event be limited to their disagreement regarding the appropriate amount of fees.

The Settlement Agreement in this case provides substantial relief to the class members, and Plaintiffs are entitled to attorney's fees and costs under 42 U.S.C. § 1988 and other applicable laws.  Because the parties have not yet determined the terms of a proposed award of attorney's fees, the parties request that the Court address attorney's fees at the final fairness hearing.

I.      Agreements made in connection with the proposed settlement

Rule 23 requires the parties to file with the Court "a statement identifying any agreement made in connection with" a proposed class settlement.  Fed. R. Civ. P. 23(e)(3).  Here, the sole agreement made in connection with the proposed settlement is the agreement attached hereto as Exhibit A.  The parties first negotiated and agreed to settle the injunctive claims.  There is no claim for monetary damages in this case.  As a result, the Court finds, based on the stipulations of the parties and its own independent review of the record, that these additional agreements in no way compromise the fairness or adequacy of the Settlement Agreement.

J.      Equitable Treatment of Class Members Relative to Each Other.

The revision to Federal Rule of Civil Procedure 23(e)(2)(D) effective December 1, 2018, requires the Court to find that a proposed settlement "treats class members equitably relative to each other."  This is an injunctive-relief-only class action settlement which provides for changes to policies and practices in the South Fulton Jail.  The provisions of the class action settlement apply equally to all class members housed in the South Fulton Jail.

The Court finds that the Settlement Agreement treats class members equitably relative to each other.

K.    18 U.S.C. § 3626.

Prospective relief in this case must meet the requirements of 18 U.S.C. § 3626.

The parties have expressly stipulated, and the Court finds based upon that stipulation

and its own independent review, that the terms of the Settlement Agreement satisfy the

need-narrowness-intrusiveness and public-safety / criminal-justice-impact

requirements of the Prison Litigation Reform Act codified at 18 U.S.C.

§ 3626(a)(1)(A).[1]  The parties have expressly stipulated, and the Court finds based

upon that stipulation and upon its own independent review that the terms of the

Settlement Agreement do not "require[] or permit[] a government official to exceed his

or her authority under State or local law" within the meaning of 18 U.S.C.

§ 3626(a)(1)(B), and do not constitute a "prisoner release order" within the meaning of

18 U.S.C. § 3626(a)(3).  The parties also expressly stipulate and the Court finds based

upon that stipulation and upon its own independent review that the Prison Litigation

---

[1] 18 U.S.C. § 3626(a)(1)(A) provides as follows: "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.  The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief."  Although the Prison Litigation Reform Act generally requires courts to "engage in a specific, provision-by-provision examination of [prospective relief], measuring each requirement against the statutory criteria," *Cason v. Seckinger*, 231 F.3d 777, 785 (11th Cir. 2000), "[t]he parties are free," as they have here, "to make any concessions or enter into any stipulations they deem appropriate," and the court need not "conduct an evidentiary hearing about or enter particularized findings concerning any facts or factors about which there is not dispute," *id.* at 785 n.8.

Reform Act's termination provision, 18 U.S.C. § 3626(b)(1)(A) (providing that

prospective relief "shall be terminable upon the motion of any party or intervener . . . 2

years after the date the court granted or approved the prospective relief . . . ") is subject

to waiver and has been waived by Defendant.  *See Dunn v. Dunn*, 318 F.R.D. 652, 682

(M.D. Ala. 2016); *Depriest v. Walnut Grove Corr. Auth.*, 2015 WL 3795020, at *6

(S.D. Miss. June 10, 2015).

## II.   NOTICE TO CLASS MEMBERS AND OPPORTUNITY TO OBJECT OR COMMENT ON SETTLEMENT AGREEMENT

Finally, the Court finds that the proposed notice to the class and process for

notifying the class and receiving objections to or comments on the Settlement

Agreement meet the requirements of Federal Rule of Civil Procedure 23(c)(2) and

23(e)(1).  The notice and a copy of the Settlement Agreement will be delivered

personally to each Covered Person at the Fulton County South Annex.  The notice will

also be translated into Spanish and made available upon request.  The notice will also

be posted in the common areas of the of each POD.

Staff working within the South Fulton Jail will be notified that all people have

the right to object to the proposed Settlement Agreement.  Retaliation against or

interference with one's right to file an objection to the proposed Settlement Agreement

is strictly prohibited.  Objections or comments will be received by mail by the Clerk of

Court and filed on the docket, and the parties will file pre-hearing briefs reviewing and addressing them.

It is therefore ORDERED that the joint motion for preliminary approval (Doc. 328) is granted as follows:

1. An injunctive relief settlement class, defined as "all Covered Persons," is preliminarily certified under Federal Rules of Civil Procedure 23(a) and (b)(2).

2. The Southern Center for Human Rights and the Georgia Advocacy Office are appointed as class counsel to represent the settlement class under Federal Rule of Civil Procedure 23(g).

3. The proposed Settlement Agreement is preliminarily approved under Federal Rule of Civil Procedure 23(e), with final approval subject to a fairness hearing and review by the Court of any objections to or comments about its terms submitted by class members.

4. Defendant is to provide notice of the proposed Settlement Agreement as further outlined below:

   a. The attached notice form (Doc 328-2) is approved by the Court under Rule 23(e), with the following additions: the postmark-by date for any objections shall be February 8, 2022, and the hearing date shall be

March 16, 2022.  This form is to be translated into Spanish at Defendant's expense.

a. By no later than January 26, 2022, the notice form (or, upon request, the translated form) is to be hand-delivered, along with a copy of the Settlement Agreement, to each Covered Person in the South Fulton Jail.

b. All staff working in the South Fulton Jail shall be notified that the class notice process is ongoing, that people may submit objections or comments as set forth in the notice provision, and that staff members may not discourage people from filing objections or comments, or otherwise interfere with the notice process.

c. By no later than February 15, 2022, the Clerk of Court shall compile all objections or comments received and file them on the docket.

d. By no later than March 1 2022, the parties are to file pre-hearing briefs or a joint pre-hearing brief, both summarizing by topic and responding to any objections to and comments about the proposed Settlement Agreement that have been submitted by class members.

5. A fairness hearing is set for 3:00 p.m. on March 16, 2022, at the following address: Courtroom 1705 of the Richard B Russell Federal Building, 75 Ted Turner Drive, S.W., Atlanta, GA  30303.  At this hearing, counsel for both

parties shall be prepared to respond to any objections raised and comments

made by class members.

DONE, this the 18th day of January, 2022.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE