```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF GEORGIA
 2                        ATLANTA DIVISION

 3

 4   GEORGIA ADVOCACY OFFICE, et   )
     al.,                          )
 5                                 )
                  Plaintiffs,      )
 6           v.                    )   CIVIL ACTION
                                   )   FILE NO. 1:19-CV-01634-WMR
 7   PATRICK LABAT et al.,         )
                                   )
 8                Defendants.      )   SETTLEMENT CONFERENCE
     _____)
 9

10

11   -----------------------------------------------------------

12
              BEFORE THE HONORABLE WILLIAM M. RAY, II
13
                      TRANSCRIPT OF PROCEEDINGS
14
                           MARCH 16, 2022
15

16   -----------------------------------------------------------

17

18       Proceedings recorded by mechanical stenography
           and computer-aided transcript produced by
19

20            WYNETTE C. BLATHERS, RMR, CRR
                  Official Court Reporter
21                1714 U.S. Courthouse
                 75 Ted Turner Drive, SW
22               Atlanta, Georgia  30303
                     (404) 215-1547
23

24

25
```

```
 1  APPEARANCES:

 2  For the Plaintiff:        DEVON ORLAND
                              ANNE J.I. KUHNS
 3                            Attorneys at Law
                              Georgia Advocacy Office, Inc.
 4                            One West Court Square
                              Suite 625
 5                            Decatur, Georgia   30030

 6                            JARRED A. KLORFEIN
                              Attorney at Law
 7                            Caplan Cobb LLP
                              75 Fourteenth Street NE
 8                            Suite 2750
                              Atlanta, Georgia   30309
 9
                              RYAN PRIMERANO
10                            Attorney at Law
                              Southern Center for Human Rights
11                            60 Walton Street NW
                              Atlanta, Georgia   30303
12
    For the Defendants:       STEPHEN E. ROSENBERG
13                            AMELIA M. JOINER
                              Office of the Fulton County Attorney
14                            141 Pryor Street SW
                              Suite 4038
15                            Atlanta, Georgia   30303

16

17

18

19

20

21

22

23

24

25
```

```
 1                  Wednesday Afternoon Session
 2                       March 16, 202
 3                          3:30 p.m.
 4                            - - -
 5                      P R O C E E D I N G S
 6            THE COURT:  This is a hearing in Case 19-CV-1634,
 7   Northern District of Georgia case, the Atlanta Division,
 8   Georgia Advocacy Office et al. v. -- I don't want to
 9   mispronounce his name -- Labat, if that's close.
10            This is the case over the conditions that then
11   existed allegedly in the women's county detention center,
12   particularly the women who were suffering allegedly with some
13   type of mental disability or mental condition that the
14   plaintiffs contended was exasperated by the level of support
15   in resources and/or failure to support the primary resources
16   to them to allow them to be treated in a way that would be
17   constitutional and acceptable otherwise in human course.
18            So I have before me a couple of motions, three -- the
19   first one I want to deal with is the motion to intervene that
20   was filed by King James D. Lewis also known as James Obama.  I
21   think that's what he wrote.  So this document is in the
22   court's record at Document No. 331.  I read both the motion
23   filed itself, which honestly was not only difficult to read
24   just from the language and penmanship used by the purported
25   intervener, but also it was very difficult to follow exactly
```

1  what it was that the individual, Mr. James Lewis, was trying
2  to put before the Court, other than that he wanted to come
3  into the court for some reason.
4          There was nothing independently from the motion that
5  led me to believe that there was any good cause for the Court
6  to grant his motion to intervene, and then I also want to take
7  note of the fact that the plaintiffs have filed a response to
8  the motion to intervene, which is found at Docket No. 332,
9  where it is stated -- wherein it has stated that this
10 individual is not and could not have been one of the putative
11 plaintiffs in this case that would have had standing to object
12 to the settlement that was reached.  He appears to be male and
13 not female.  He appears to be incarcerated in Illinois and not
14 in Fulton County, Georgia.
15         It's really unclear to me why he would think that
16 this case involved him or that it would provide him with any
17 avenue to air any grievance that he might have, legitimate or
18 otherwise.  But, in any event, the plaintiffs object to his
19 motion to intervene.  I didn't hear anything from the
20 defendants, but I assume the defendants' position is
21 consistent with the plaintiffs, that this individual has no
22 position in this litigation; is that correct?
23         MR. ROSENBERG:  That is correct, your Honor.
24         THE COURT:  All right.  Let me tell you, y'all don't
25 have to wear a mask if you've been fully vaccinated, if you

1   don't want to.  If you're -- I follow whatever the CDC says,
2   and that's what the CDC currently says.  But if you want to
3   wear your mask, you're certainly free to do so.  Just be sure
4   that whenever you're speaking, particularly if you're wearing
5   a mask, that you have a microphone close by.
6              Is there anyone that is in court today to be heard on
7   the motion to intervene?  The Court sees no response.  No one
8   is present.  I do not think the motion to intervene is for
9   good cause, and the Court denies such and will file a -- I'll
10  file an order in the coming days that will deny the motion to
11  intervene.
12             The second motion, the main motion, though, I have
13  here today is the joint motion.  It's titled "Joint Statement
14  Regarding Fairness of Settlement Agreement" filed by the
15  plaintiffs and the defendants at 19 -- excuse me -- at Docket
16  336.  Does the plaintiff wish to be heard in regard to
17  anything other than what's in the motion itself?
18             MS. ORLAND:  Your Honor, I'm prepared to be heard.  I
19  think that there are some things that the Court has to find in
20  the record.  If the Court would like me to outline those I --
21             THE COURT:  Go ahead.  Go ahead, please.  State your
22  name just to make sure the court reporter knows who you are.
23             MS. ORLAND:  Yes, your Honor.  My name is Devon
24  Orland, D-e-v-o-n O-r-l-a-n-d, and I represent the plaintiffs
25  in this case along with co-counsel from the Southern Center

1 | for Human Rights and Caplan Cobb.
2 |     May it please the Court, as the Court is aware, this
3 | case comes before the Court to assess the fairness of the
4 | proposed settlement agreement.  As this Court -- as the suit
5 | was filed several years ago, the Court has heard evidence and
6 | granted a preliminary injunction and ruled on a motion for
7 | summary judgment, so I presume the Court really isn't
8 | interested in me highlighting the litany of facts that support
9 | our position.
10 |     But as an initial matter, I'd like to acknowledge
11 | that Sheriff Labat and his current counsel have expressed a
12 | desire to be instruments of change at the South Fulton jail,
13 | and without that change in philosophy, we would not have been
14 | able to reach a settlement in this case.  We're hopeful that
15 | the settlement carries through in that the conditions at the
16 | jail continue to improve, and the people with serious mental
17 | illness receive appropriate access to care and programming.
18 |     As the Court is aware, the case was filed seeking
19 | classified injunctive relief to ensure that people with
20 | serious --
21 |     THE COURT REPORTER:  Counsel, could you please speak
22 | a little slower.  Thank you.
23 |     MS. ORLAND:  I'm sorry.  Let me slow down.  I'm
24 | trying to go fast because I know the Court is tired.  It's
25 | been a long day.

```
 1              THE COURT:  I'm okay.  Where are you from,
 2   Ms. Orland?  Are you from here originally?
 3              MS. ORLAND:  From Georgia?
 4              THE COURT:  Are you?
 5              MS. ORLAND:  No, sir.  I've been here for quite some
 6   time.
 7              THE COURT:  Okay.  All right.  Well --
 8              MS. ORLAND:  I'll slow down a bit.
 9              THE COURT:  Just slow down a little bit.  Our ears
10   don't work quite as fast.
11              MS. ORLAND:  Yes, sir.  Understood.  I'm flashing
12   back to law school where a law school professor said, where
13   are you from?  But that was ridiculously --
14              THE COURT:  Did you go to law school in the south?
15              MS. ORLAND:  I did.  I did, yeah.  And I'm old, so
16   I've been here quite a while.
17              At any rate, class certification was granted in
18   September of 2019.  A preliminary injunction was granted in
19   July of that year.  Parties engaged in significant discovery,
20   engaged expert witnesses, investigated enforcement,
21   participated in an Eleventh Circuit appeal, briefed a motion
22   for contempt, renewed a motion for preliminary injunction and
23   a motion -- and briefed a motion for summary judgment and
24   began trial preparation before entering into this settlement
25   agreement.
```

1    The purpose of this hearing is for the Court to
2    determine whether the agreement itself is fair and adequate
3    and reasonable and not the product of collusion between the
4    parties.  As is evident from the history of this case, this
5    case has been litigated to the Nth degree.  The parties have
6    disagreed at probably every phase of this matter and have
7    engaged in ongoing discovery as opponents, so there is no
8    collusion here.
9        In addition to making this assessment, the Court must
10   assess whether it complies with the Prison Litigation Reform
11   Act, and the parties in this case agree that it does.  The
12   agreement provides for a minimum of four hours of out-of-cell
13   time a day five days a week, access to therapeutic services,
14   reading materials, and other activities, food, water, clean
15   clothes, and sanitary living conditions, specially trained
16   staff, and thoughtful oversight.
17       The parties agree that these provisions meet the
18   need-narrowness least-intrusive standard of the Prison
19   Litigation Reform Act, and the Court can accept that as a
20   stipulation under the case of *Cason v. Seckinger*.
21       Next we ask that the Court find that the notice given
22   to the class members was sufficient.  The Court issued an
23   order preliminarily approving the settlement agreement and
24   dictating the terms of notice to the class.  The defendants
25   have, in fact, represented that they have complied with the

1  Court's dictates, and it is the position of the parties that
2  this notice was sufficient.  We ask that the Court find as
3  such.
4          The next question is did the class members object.
5  There have been no objections filed in this case.  The Clerk
6  has entered no objections, as the Court had indicated, so
7  there was no need to respond to any objections, and we ask
8  that the Court note that fact.
9          Finally, the Court can look to the positions of class
10 counsel.  In this case you have experienced legal --
11 experienced lawyers telling the Court, advising the Court, and
12 asking the Court to find that the settlement is fair and
13 reasonable.  And we ask that the Court accept those opinions.
14         So we formally ask the Court jointly to move and move
15 that the Court make the determination that the settlement
16 agreement is, in fact, fair and reasonable.
17         THE COURT:  All right.  Thank you, ma'am.
18         MS. ORLAND:  I don't know if the Court wants me to
19 speak to the attorneys' fees issue?
20         THE COURT:  Yeah, we'll come back.  Let's do them
21 separately.
22         MS. ORLAND:  Okay.
23         THE COURT:  Let me just see.  Are you Mr. Rosenberg?
24         MR. ROSENBERG:  Yes, I am, your Honor.
25         THE COURT:  Mr. Rosenberg, do you have any comments

1  you wish to make on behalf of the defendants?
2           MR. ROSENBERG:  Nothing beyond what plaintiffs'
3  counsel has already stated.
4           THE COURT:  Thank you.  Let me state that I
5  appreciate that the parties worked in good faith here to
6  resolve the case.  I'm not exactly sure what notice I had
7  officially given.  All these cases kind of run together over
8  time.  But once the Eleventh Circuit's mandate had returned
9  and the injunction was deemed by the Eleventh Circuit to be
10 dissolved by operation of law, the question for me was whether
11 we would have another hearing itself or whether we would
12 simply try the case.
13          And it really did not make a lot of sense to me to
14 have another hearing on what the new conditions may be because
15 I know the County had taken the position that many of the
16 things that the plaintiffs complained about, though the County
17 did not agree that the situation should have led to an
18 injunction, in any event, either temporarily or permanently,
19 the County had made some changes.  I think we had a new
20 sheriff elected.  There were some changes there.  There was
21 some increased funding and additional procedures that were
22 alleged to now exist.
23          So my conclusion was, is the best thing was to simply
24 try the case.  And maybe I had given notice of that.  I know I
25 had internally discussed it in my office about doing that and

```
 1  just try this case and move forward, and Covid had reached the
 2  situation where I felt like we could do it.  I've probably
 3  tried eight or nine cases since May, maybe a few more than
 4  that.  I haven't really stopped to count.  I've tried two this
 5  year already, so I felt like we could safely do that.  Of
 6  course, we'd have to be concerned about any upticks in Covid,
 7  but, otherwise, I was pleased to hear that there was a
 8  settlement announced and the terms on which it was announced.
 9           I had reviewed the settlement both when it was
10  initially reached and subsequent to that as well, and the
11  Court does find that the terms of the settlement are fair and
12  reasonable and addressed the complaints that the plaintiffs
13  brought on their own stead and also as class representatives
14  of the putative class of individuals who have been
15  incarcerated or could be or will be or are incarcerated at the
16  Fulton County Women's Detention Center, by whatever name it
17  goes by.  I don't recall exactly the name.
18           I also find and there is certainly no evidence to
19  suggest that the agreement itself was the result of any
20  collusion.  I think counsel, Ms. Orland, is correct to say
21  that this has been a heavily litigated case, probably one of
22  the longer preliminary injunction hearings that I've ever had,
23  participated in as a judge, and maybe for counsel as well,
24  with a lot of evidence, including expert witnesses and
25  testimony on both sides, including, I believe, if I remember
```

1  correctly, the chief deputy for the detention center and/or
2  maybe even higher level deputy than that who testified about
3  the procedures that existed.
4         Of course, there was an appeal that was on a fairly
5  novel issue that I'm not sure if -- I'm not sure that there
6  wasn't some appetite amongst the Eleventh Circuit judges
7  themselves to maybe revisit -- maybe not reverse but to have
8  an en banc consideration of given the issue that was decided.
9  I believe the opinion was written by Tjoflat, if I'm not
10 mistaken.  Was it Tjoflat?
11        MS. ORLAND:  It was, your Honor, and the mandate
12 still hasn't issued.
13        THE COURT:  So that demonstrates -- I said mandate
14 was returned, so it wasn't returned, which means I couldn't
15 have gone forward with the trial -- or could I have?
16        MS. ORLAND:  You could have.
17        THE COURT:  I guess I could have because it wouldn't
18 have really been affected.  So they may yet issue an opinion,
19 though they may also simply vacate the original opinion and
20 leave it for another day, which seems to be consistent with
21 how they treat cases that have settled.  But, in any event, I
22 think this case, the result was a result -- the outcome was
23 the result of sustained advocacy on both sides to reach a fair
24 result, and the result that was reached was a reasonable
25 compromise that the parties have found themselves at.

1          The Court also finds that the notice to the class
2    members was sufficient and takes note of the fact that no
3    objections have been filed other than a motion to intervene,
4    which I have previously discussed today, by someone who did
5    not either appear to have a legitimate ground or to talk about
6    or standing in the very first instance.
7          And, finally, you know, the Court takes note of class
8    counsel on both sides' experience in matters of both
9    representing government and representing the interests of
10   those among us who don't have the ability normally to assert
11   their legal rights in forums such as this and who are
12   experienced in doing so and believes that it is, in fact, that
13   experience and mandate that both sets of counsel operate
14   under, one side to represent individuals and the other to
15   represent individuals who have government as their principal,
16   that has led to what I believe is a fair result.  So the Court
17   otherwise grants final approval to the settlement agreement
18   reached by counsel.
19         I do want to take note of this, I mean, just sort of
20   as a coincidence.  Ms. Geraghty was, I believe, counsel for
21   the plaintiff among the group of counsel, you know, and what a
22   coincidence that she stands, either today or shortly after
23   today, to be confirmed to sit on this court.  And obviously
24   the President and the U.S. Senators from our state and those
25   in our country have taken note of her skill.

1        All right, Ms. Orland, on your motion for fees, joint
2   motion for fees, if you want to be heard.
3        MS. ORLAND: Yes, your Honor. Thank you. As the
4   Court is aware, we have asked the Court to adopt our motion
5   for fees, which was jointly negotiated. However, we also note
6   that this was negotiated separately from the settlement
7   agreement itself. Under the Prison Litigation Reform Act,
8   counsel would be entitled to one and a half times the CJA
9   rate.
10       This case, however, is not limited by the Prison
11  Litigation Reform Act fees provision because it was also
12  brought under the Americans with Disabilities Act and
13  Rehabilitation Act. However, in reviewing the fee petition as
14  we filed, you'll note that we are actually accepting
15  substantially less than the CJA one and a half times rate for
16  the amount of fees that were obtained in this case in addition
17  to the costs that have been incurred. Once subtracting that
18  out, it's even less so.
19       We do believe this is a fair settlement of the fee
20  award, but we'd ask that the class members be given notice and
21  an opportunity to object just in an abundance of caution
22  because it was negotiated separately.
23       We did submit a proposed order for the Court that we
24  jointly agreed to, emailed it to your clerk. I have a hard
25  copy of that --

Case 1:19-cv-01634-WMR   Document 346   Filed 05/20/22   Page 15 of 19

15

| | |
|---|---|
| 1 | THE COURT:  Sorry.  I don't have the order before me. |
| 2 | What does the order do?  That it approves it or approves |
| 3 | notice being provided? |
| 4 | MS. ORLAND:  Yes.  So it approves the fee award with |
| 5 | notice, and it provides a schedule for which once the notice |
| 6 | goes out, if there's no object -- if there's an objection, the |
| 7 | parties can respond to that objection, and then the Court |
| 8 | would issue another order saying there's either no objection |
| 9 | or you grant the objection or whatever the Court... |
| 10 | THE COURT:  All right.  Thank you, ma'am.  I do want |
| 11 | to reiterate that I don't think I said, in responding to the |
| 12 | motion to enforce the settlement agreement final approval, |
| 13 | that the Court does also find that the settlement complies |
| 14 | with the Prison Litigation Act that was argued by counsel. |
| 15 | Does the defendants have anything more to say about |
| 16 | the motion -- joint motion for approval of attorneys' fees? |
| 17 | MR. ROSENBERG:  No, your Honor, just ask that you |
| 18 | would approve it.  It was hotly debated and contested.  And I |
| 19 | think it is a fair result given the change agent that the |
| 20 | plaintiffs and counsel have provided Fulton County Jail and |
| 21 | the fact that we're local government, and ultimately it's |
| 22 | taxpayers dollars that are going to foot the bill. |
| 23 | THE COURT:  And is it required or is it out of |
| 24 | abundance of caution that you ask that we give notice to the |
| 25 | class members? |

```
1            MS. ORLAND:  Your Honor, what the law says is that
2   class members need to be given notice of the settlement to
3   object.  In order to effectively parse out the issues, we
4   couldn't provide notice of the fee award simultaneously with
5   the settlement agreement, so it's really in an abundance of
6   caution.  We'd hate to get a year down the road and have
7   somebody object to the fee award and then have the Eleventh
8   Circuit determine it should have been --
9            THE COURT:  Well, you never know; right?  Because who
10  would have thought that providing awards to class plaintiffs
11  was not permitted until -- I think it was Judge Britt Grant --
12  said so.  You know, I'm not sure it was her, but I think it
13  was her.  And I'm not saying she's not right, but that
14  certainly wasn't the common practice that existed in this
15  circuit before that ruling.
16           All right.  So the Court will enter the order that
17  you have submitted that conditionally approves the award,
18  gives -- requires notice to the class, sets a timetable for
19  notice to matriculate into an objection or not, and then
20  subsequent to that will decide the issue.  And so what I -- I
21  haven't looked at the order.  So how long -- when would the
22  issue then be ripe for me to make a final decision on
23  attorneys' fees?
24           MS. ORLAND:  If I may I approach, your Honor?
25           THE COURT:  All right.
```

```
 1          MS. ORLAND:  It might just be easier if I hand it to
 2  you.
 3          THE COURT:  All right.  Yes, ma'am.  Is it on the
 4  docket as well?
 5          MS. ORLAND:  Pardon?
 6          THE COURT:  On the docket as well?
 7          MS. ORLAND:  We emailed it to your deputy clerk.
 8          THE COURT:  Okay.
 9          MS. ORLAND:  Again, the parties have jointly agreed
10  to this, but obviously the Court has it in Word.
11          THE COURT:  I have not read it, so I want to read it.
12  So while I said I approve it, I don't see why I will not
13  approve it.  But I do want to read the terminology to make
14  sure.  But I don't think there's really probably anything else
15  for us to decide today.
16          I will certainly enter an order that allows any
17  objections to be filed.  I do think it's more out of an
18  abundance of caution because, you know, the class members
19  really have more so standing about the conditions that they
20  are subject to and the remedy of that.  Those who might object
21  to the attorneys' fees might more so be the taxpayers of
22  Fulton County that will indirectly be paying for it.  Of
23  course, there could be insurance, I suppose, too.  I don't
24  know.  But, in any event, I will enter the order as soon as
25  I've read it and file it with the Clerk.
```

```
 1              MS. ORLAND:  And just so the record is clear, your
 2   Honor, we also jointly agreed to a notice to the class, if I
 3   could present that to the Court, and perhaps maybe this Court
 4   could order the defendants to --
 5              THE COURT:  All right.  Thank you.  That will be
 6   great.  Thank you.
 7              MS. ORLAND:  Thank you.
 8              THE COURT:  All right.  Is there anything else we
 9   need to talk about today?
10              MS. ORLAND:  No, your Honor.  Thank you again for
11   your patience throughout the course of this case.
12              THE COURT:  All right.  Good luck.  Thank y'all.
13              MR. ROSENBERG:  Thank you, your Honor.
14              MS. ORLAND:  Thank you.
15              COURTROOM SECURITY OFFICER:  All rise.  Court stand
16   in recess.
17              (Whereupon, the proceedings were adjourned at 3:55
18   p.m.)
19                            -  -  -
20
21
22
23
24
25
```

```
 1                    REPORTERS CERTIFICATE

 2

 3

 4         I, Wynette C. Blathers, Official Court Reporter for

 5   the United States District Court for the Northern District of

 6   Georgia, with offices at Atlanta, do hereby certify:

 7         That I reported on the Stenograph machine the

 8   proceedings held in open court on March 16, 2022, in the

 9   matter of GEORGIA ADVOCACY OFFICE et al. v. PATRICK LABAT et

10   al., Case No. 1:19-CV-01634-WMR; that said proceedings in

11   connection with the hearing were reduced to typewritten form

12   by me; and that the foregoing transcript (Pages 1 through 18)

13   is a true and accurate record of the proceedings.

14         This the 20th day of May, 2022.

15

16

17

18                          _____
                        /s/ Wynette C. Blathers, RMR, CRR
19                          Official Court Reporter
```